State *v.* Shaw.

THE STATE *versus* SHAW.

When the appropriate record shows, that the town authorities have licensed the highest number of persons which the law permits for selling intoxicating drinks, and does not show, that any additional number has been licensed, it is not competent for a defendant in a prosecution for selling such liquor, to show by an *unrecorded* license, that he had authority to sell.

A license to sell such liquor is of no validity, if granted *before* the delivery, to the town *treasurer*, of the bond prescribed by law.

EXCEPTIONS from the District Court, RICE, J.

Complaint under the Act of 1846, chap. 205, sect. 5, for the sale of intoxicating liquor, on or about July 25, 1850.

The defendant offered in evidence a license from the licensing board, purporting to have been issued Nov. 9, 1849. The Judge refused to receive it in evidence, unless the defendant should prove that it was duly granted, and that a bond was given as required by the 3d section of the Act.

The defendant then proved the execution of such a bond dated on said 9th of Nov. and that it was delivererd to one of the selectmen soon after its execution, and offered said bond with the license in evidence.

State *v.* Shaw.

The county attorney introduced the records of the licensing board, by which it appeared, that on said 9th of Nov., five other persons,. (being the highest number authorized by the law,) were licensed, and there was no record of a license given to the defendant.

Whereupon the Judge excluded the bond and license offered by the defendant.

The defendant then offered to prove, *that* the license was granted him by the board at the time of its date ; and *that*, the town clerk being absent, the board chose one of the selectmen as a clerk *pro tempore*, by whom a record was kept, which the defendant offered in evidence, but the Judge excluded the evidence.

The Judge was requested to instruct the jury, that the production of the license was *prima facie* evidence, that the bond had been duly given. This was declined. The verdict was against the defendant, and he excepted.

*Titcomb*, for the defendant.

The license, of itself, was at least *prima facie* evidence, that it was duly granted, and that the bond had been rightfully given.

It was therefore wrongfully rejected by the Judge.

A license is itself primary evidence. The record is but secondary. An omission by the clerk to record a license cannot defeat its validity. *State* v. *Crowell*, 25 Maine, 171.

A license, if granted by the proper authorities, is effectual, although the preliminary proceedings may have been irregular. *Goff* v. *Fowler*, 3 Pick. 300.

If exceptions show error, they will be sustained, although in some *other* aspect of the case, the error might be immaterial. 1 Peters, S. C. 183 ; 6 Alaba. N. S. 226.

*Vose*, County Attorney, for the State.

SHEPLEY, C. J. — Suppose the license *was prima* evidence, that the previous requisites to its validity had been complied with, still the first rejection of it was of no damage to the defendant, because he afterwards offered it in connection with the bond.

But even when *so* offered, it was rightly rejected, because it was shown, by the record, that other persons, up to the full number allowed by law, had been duly licensed.

But the defendant's license, by his own proofs, was of no validity. It was not issued by a competent board. There was no authority in the board to choose a town clerk *pro tem.* Besides, the statute provides that no license shall be granted *until* the bond should be executed and delivered to the *treasurer.* The bond in this case, was not received until *after* the license was granted; and it was *never* delivered to the *treasurer.*                    *Exceptions overruled.*

NOTE. — The section of the statute, being the 5th sect. of chap. 205, of the year 1846, under which this complaint was instituted, was repealed by chap. 211 of the statutes of the year 1851.