Houser *v.* The State.

———————————

HOUSER *v.* THE STATE.

An indictment for selling liquor contrary to the provisions of the act of 1859, need not aver what kind of liquor was sold.

A prosecution on such an indictment can not be sustained unless the proof correspond with the averment, and establish the fact that the liquor was intoxicating.

The fact that a proper application had been made for a license, and the license regularly granted, does not shield a man from punishment for sales made thereafter, unless it appear that he had paid into the treasury the requisite sum, and had filed the requisite bond.

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.—Indictment for "unlawfully selling intoxicating liquors in a less quantity than a quart." Motion to quash overruled. Is the description of the article sold sufficient? The first section of the act of 1859, p. 202, is that "no person shall sell or barter, &c., any intoxicating liquors, &c. The second section is, that "the words intoxicating liquors shall apply to any spiritous, vinous, or malt liquors, or to any intoxicating liquor whatever, which is used, or may be used, as a beverage." Should the pleader have alleged the particular kind of "intoxicating liquors" so sold, as brandy, gin, &c.?

At the last term of this Court, in the case of *Simpson* v. *The State*, this question was settled. We adhere to that conclusion. A question is presented as to whether the evidence was sufficient; it was that the witness purchased three gills of liquor. It was not even stated that it was "intoxicating liquor." Liquor is said by *Webster* to be a liquid or fluid substance, a word extending in its general signification to water, milk, blood, sap, juice, &c.; but its most common application is to spirituous fluids, whether distilled or fermented, to decoctions, solutions, tinctures.

There was no circumstance detailed in the evidence tending to show that the liquor spoken of fell within the statute, the sale of which is regulated by law. And as, from the authority quoted, the word liquor does not necessarily mean the article so designated, something ought to be offered tending to establish that fact, otherwise there was a failure of proof. The sale was shown to have been on the 22d of *October*, 1861. On the 29th of the same month, the appellant paid into the county treasury the requisite sum, and received a license to vend spirituous liquors for one year from the 4th day of *June*, 1861, at which latter date it appears the county authorities had authorized a license to be issued to him. He

had not called for the same, nor paid therefor, nor had the money been demanded of him.

Did the license shield him from punishment for the sale so made?

As the proper steps had been taken by the defendant to procure an order for a license to issue, and such order had been made, we do not think the bare fact of a failure to procure, or of the officer to issue such license, would subject him to prosecutions for making sales, if all that he was required to do had been performed. But in this instance all had not been done. The sum that he was required to pay for the privilege of making such sales, had not been placed in the treasury — nor are we informed whether he had filed the requisite bond. Without the bond it might have been impossible to properly protect the interests of the public, or carry out the purposes of the statute as contemplated by the framers thereof. No question is presented, even if it could have been raised, as to the proof made upon those points. Because of the failure of proof, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed.

*E. A. Greenlee*, for appellant.

*John L. Miller*, for appellee.