## ALEX. BROWN v. THE STATE.

The order of a County Court to its clerk to issue license to retail spirituous liquors to an applicant, does not, of itself, authorize the applicant to retail, but only authorizes the issuance of a license to do so, after the applicant shall have complied with the pre-requisites of the law.

A license to retail can be issued to operate only *in futuro* from the time of its issuance, and cannot lawfully be ante-dated to, or made to have effect from the time when the County Court granted the application for it.

APPEAL from Denton. Tried below before the Hon. R. L. Waddill.

The appellant was indicted for selling liquor without license, and the offence was charged to have been committed on the 21st day of August, 1863.

The State having proved the sale, the defendant introduced a license as follows:

"The State of Texas, } "To all to whom these presents
"County of Denton. } shall come:

"Know ye, that Alex. Brown and G. W. Hughes are entitled to sell and retail spirituous and intoxicating liquors in the town of Denton, for the full term of four months from and after the 20th day of May, 1863, the said Brown and Hughes having paid the tax imposed by law, and' filed in my office this day the county treasurer's receipt for the same.

"In testimony whereof I have hereto set my hand and seal [L. S.] of office, the 25th day of August, 1863.

"S. A. VENTERS,
"County Clerk, D. C."

The court below charged the jury, in substance, that if the defendant had not obtained his license at the time of the sale, he was guilty.

The jury found defendant guilty, and assessed his fine at fifty dollars. Judgment accordingly; new trial refused, and defendant appealed.

*John C. Easton,* for the appellant.

*Attorney-General,* for the appellee.

BELL, J.—We are of opinion that there is no error in the judgment of the court below. The law provides that no person or firm shall sell spirituous, vinous, or other intoxicating liquors, in quantities less than one quart, without first having obtained license therefor, in the manner prescribed by the Act of February 2d, 1856. The order of the County Court to the clerk thereof to issue a license to the applicant, does not, of itself, authorize the applicant to retail liquors, but only authorizes the issuance of a license to do so, after the applicant shall have complied with all the pre-requisites of the law. In this case, the clerk of the County Court ought to have made the license prospective. After the applicant had produced to the clerk of the County Court the county treasurer's receipt for the amount of money paid by the applicant, the license ought then to have been granted, to take effect from that time, and not from the time when the County Court acted upon the application. Any other practice would enable the applicant, who had taken the preliminary steps in the County Court to obtain license, to take the chances of violating the law with impunity, reserving to himself the means of defending himself successfully against a prosecution, if it became apparent that one was about to be instituted. In this case, the order of the County Court granting the application for license was made on the 20th of August; the license was issued by the clerk of the County Court on the 25th of August, and the indictment was returned into court on the 26th of August.

The judgment of the court below is affirmed.

Judgment affirmed.