Schlict *v*. The State.

*M. M. Milford*, for appellant.

*J. Buchanan*, for appellee.

---⚬---

### SCHLICT *v*. THE STATE.

LIQUOR LAW.—*Sunday.*—Section 8 of the act to regulate the license and sale of intoxicating liquors, &c., (1 G. & H. 616) as amended in 1865 (Spec. Sess. 197), prohibits the sale on Sunday of any quantity of intoxicating liquor by a licensed retailer, and is not in conflict with the Constitution of the State.

SAME.—*Evidence.*—On the trial of an information under this section, charging, that the defendant was licensed under said act to sell intoxicating liquors in a less quantity than a quart at a time, it appeared in evidence that the defendant, at the time of the sale charged (the fall of 1867), was engaged in the sale of intoxicating liquors by the "small;" and there were given in evidence two orders of the board of county commissioners, one made at the December term, 1866, and the other at the December term, 1867, granting license to the defendant to sell intoxicating liquors by retail.

*Held*, that this evidence did not show that the defendant was licensed, and was not sufficient to justify a finding against him.

APPEAL from the Ripley Common Pleas.

ELLIOTT, C. J.—Schlict, the appellant, was tried on an information for selling intoxicating liquors on Sunday, found guilty, and fined forty dollars and costs.

The information was based on the 8th section of the act to license and regulate the sale of intoxicating liquors, &c., as amended in 1865 (Acts Spec. Sess. p. 197), and alleged, that the appellant was licensed under said act "to sell intox-

icating liquors in a less quantity than a quart at a time."

A motion for a new trial was made, urging several reasons therefor, one of which was, that the finding of the court was contrary to the evidence. The motion was overruled, and that ruling assigned for error.

The evidence is before us, and the first objection urged to its sufficiency is, that it does not show that the quantity of liquor sold was less than a quart at a time. The objection is not well taken; the statute prohibits the sale, by licensed retailers, of any quantity of intoxicating liquor on Sunday.

It is also insisted, that the evidence does not show that the appellant was licensed to retail intoxicating liquors, at the time of the sale charged in the information.

The prosecuting witness testified, that at the time of the sale charged in the information, being in the fall of 1867, the appellant "was engaged in the sale of intoxicating liquors by the small." The attorney for the State also gave in evidence two orders of the board of county commissioners of Ripley county, one made at the December term, 1866, and the other at the December term, 1867, granting license to the appellant to sell intoxicating liquors by retail. This was all the evidence tending to prove that the appellant was licensed. We think it was not sufficient to justify the finding. After the grant of license by the board of commissioners, the statute requires the applicant to execute a bond in the sum of five hundred dollars and pay to the county treasurer the sum of fifty dollars, and provides that upon the execution of the bond "and the presentation of the order of the board of commissioners granting him license, and the county treasurer's receipt for the fees, as aforesaid, the county auditor shall issue a license to the applicant," &c. It is the license so issued, and not the order of the board granting a license, that authorizes the applicant to sell by retail. A license may be authorized by the board and yet not be taken out; and hence the order of such grant does not, of itself, prove that a license was issued.

The court therefore erred in overruling the motion for a new trial.

The objections urged to the validity of the statute under which the prosecution was had, as being in conflict with the Constitution of the State, are without foundation.

For the error stated above, the judgment is reversed, and the cause remanded for a new trial.

*E. P. Ferris*, for appellant.

*H. M. Spalding* and *D. E. Williamson*, Attorney General, for the State.