## WILES *v.* THE STATE.

CRIMINAL COURT.—*Of Jefferson County.*—*Grand Jury.*—The act creating the Criminal Circuit Court of Jefferson County (Acts 1869, p. 49) was valid, and authorized the impanelling of a grand jury in said court.

LIQUOR LAW.—*License.*—A license to sell intoxicating liquors in a less quantity than a quart at a time, or to sell intoxicating liquors to be drunk in the vender's house, out-house, &c., cannot be made to take effect before the date at which it is issued.

SAME.—*Judicial Notice.*—*Ale.*—A court judicially recognizes the fact that ale is a malt liquor.

SAME.—*Evidence.*—*Venue.*—*Time.*—A person was tried and convicted in Jefferson county, in this State, in January, on an indictment found in said county in the same month, for retailing, at that county, intoxicating liquor without a license. The prosecuting witness testified (as shown by a bill of exceptions), that he bought the liquors of the defendant, "at his place of business in North Madison, in said county, during the week between Christmas and New-Year's."

*Held,* that it sufficiently appeared that the sale was made within two years before the finding of the indictment, and that it occured in Jefferson county, in this State. *Jackson* v. *The State,* 19 Ind. 312, disapproved.

APPEAL from the Jefferson Criminal Circuit Court.

ELLIOTT, J.—Wiles, the appellant was indicted in the Jefferson Criminal Circuit Court for selling one gill of intoxicating liquor at said county, on the first day of December, 1869, to George W. Ball, for ten cents, to be drunk, and which he suffered to be drunk in his house; "he, said Nicholas Wiles, not being then and there licensed, according to law, to sell intoxicating liquor by a less quantity than a quart at a time."

A motion to quash the indictment was overruled. Plea, not guilty. The case was tried by the court, by agreement of the parties. The appellant was convicted and fined five dollars. Motion for a new trial overruled, and judgment.

It is contended that the court erred in overruling the motion to quash the indictment, for the reasons that the act creating the Jefferson Criminal Circuit Court is void, and that it does not authorize the empanelling of a grand jury in said

court.   These questions were examined, and decided in favor of the validity of the court and of its power, under the act, to organize a grand jury, in *Eitel* v. *The State, ante,* p. 201, and need not be further noticed in this case.

The prosecuting witness testified that he purchased ale of the appellant, at his place of business in said county, by the drink, and drank it in his house, during the week between Christmas and New-Year's.  At the close of the evidence on the part of the State, the appellant gave in evidence a license, issued by the county auditor, dated January 7th, 1870, certifying that the appellant, having been granted a license to sell spirituous liquors, by the board of commissioners of Jefferson county, and also having filed in said auditor's office the county treasurer's receipt for fifty dollars, he was therefore licensed and permitted to sell intoxicating liquors in a less quantity than a quart at a time, with the privilege of permitting the same to be drunk on his premises in Washington avenue, North Madison, for one year from the 7th of December, 1869.

The State thereupon introduced the auditor of the county, who issued said license, and proved by him that it was issued from his office at the date thereof, on which day the appellant paid the fifty dollars mentioned in the license, and not before; but that the order of the county commissioners granted license to the appellant from the 7th day of December, 1869, as stated in the license.

This evidence was allowed over the appellant's objection, and its admission is assigned for error.

We think there was no error in admitting the evidence, though we fail to see that it was of any material benefit to the prosecution.   It did not contradict anything shown by the license.   It corroborated the fact that the license was issued at the time of its date, but, in the absence of contradictory evidence, that fact conclusively appeared by the license itself, and the evidence did not, therefore, in any manner prejudice the appellant.

Under the statute, a person desiring license to sell intoxicating liquors by retail is required to make an application to the board of county commissioners for that purpose, having first given the notice of such application required by the statute and made the proper proof of that fact, and then, upon making satisfactory proof to the board that he is a man of good character and fit to be trusted with a license, an order is made authorizing a license to issue, upon the applicant's giving the bond and paying the fee required by the statute. The money is required to be paid to the county treasurer, and the bond filed with, and approved by, the auditor, and upon the execution of the bond as required, and the presentation of the order of the board and the treasurer's receipt for the fees, the auditor issues the license. The order of the county board is not the license, nor does it alone confer the power to retail. It is but one of the preliminary steps in procuring the license. The order may be made, but the applicant may refuse to pay the fee or execute the bond, without which he is not entitled to the license. It is the license itself, properly procured, that confers the right to retail under the statute, and until it is issued no such right is conferred. *Schlict* v. *The State*, 31 Ind. 246. It is made a penal offense to sell intoxicating liquors by a less quantity than a quart at a time, or to sell in any quantity to be drunk or suffered to be drunk in the vender's house, out house, &c., without such license, and it is not in the power of the county board or the auditor to grant a license extending back to a prior date, so as to cover offenses already committed. The license can only take effect from the date it is issued.

It is also claimed that the evidence does not justify the finding. The first ground of objection is, that there was no evidence that the liquor sold was intoxicating. It was proved to be ale. The statute declares, that the words "intoxicating liquors" as used in the act shall apply to any spirituous, vinous, or malt liquor, &c., and the courts will

judicially recognize the fact that ale is a malt liquor, and its sale by retail inhibited, without a license.

It is also insisted that the evidence does not show that the sale was made within two years next before the finding of the indictment, or that it occurred in Jefferson county, in this State. The evidence of Ball, the prosecuting witness, is stated in the record thus: "The prosecution proved by George W. Ball, that witness knows the defendant, and bought ale of the defendant by the drink, at his place of business in North Madison, in said county, during the week between Christmas and New-Year's. Witness don't recollect how much ale he bought of the defendant, but perhaps five or six drinks, and drank it in his house and paid first."

It is apparent that no care was used in taking down the evidence in the language of the witness. But there is certainly no ground for the objection that the venue was not sufficiently proved. The indictment was found in Jefferson county, Indiana. It charged the sale to have been made at that county; the court was held and the trial had there; and, as reported, the witness testified that he bought the ale "*of the defendant, at his place of business in North Madison, in said county.*" If there can be a doubt of what county and state were intended, it is beyond our comprehension. We are referred to the case of *Jackson* v. *The State,* 19 Ind. 312. There the defendant was indicted and tried in Grant county, in this State, for retailing intoxicating liquor, without license. The witness testified, "I bought a gill of sweet wine of the defendant for five cents, at Grant county, about the time charged in the indictment." The defendant was convicted, and it was held on appeal to this court, that the evidence did not show that the sale was made within the jurisdiction of the court.

The reason stated is, that "the evidence given would have as fully established the sale in any state where there is a Grant county as in this State."

There, as here, the question arose upon the sufficiency of the evidence to sustain the finding, and under the rule, as

rigidly adhered to then as now, that every reasonable intendment should be made in favor of the finding below, and that a judgment should only be reversed upon the question of the sufficiency of the evidence in cases of obvious error.

We think the ruling in that case was a clear departure from the rule just stated, and we cannot give it our approbation.

Here, the question as to the date of the sale is not so clear. The prosecuting witness testified that he purchased the ale of the defendant "during the week between Christmas and New-Year's." The year is not directly stated, but in view of the fact that the indictment was found and the trial had in January, 1870, it is but reasonable to infer that the witness referred to the week between the Christmas and New-Year's next preceding, and that he was so understood by the court. It was evidently the purpose of the witness, in making the statement, to fix the date of the sale, and with that intention, such a statement would scarcely have been made if any other Christmas and New-Year's had been intended by the witness. The conviction of the defendant involves the finding of the fact that the sale was made within the time limited by the statute, and we cannot say that the evidence did not sustain the finding.

Judgment affirmed, with costs.

*J. L. Wilson* and *E. R. Wilson*, for appellant.

*D. E. Williamson*, Attorney General, for the State.