## The County Commissioners of Hennepin County

### vs.

### George R. Robinson.

*Chapter* 16, *General Statutes*, makes it the duty of the board of county commissioners to exercise discretion and discrimination as to the persons to whom licenses to sell intoxicating liquors shall be granted.

Such board has no right to grant such licenses, except upon an *application*, in each case, by the person desiring a license. When such

application is made, it is for the board to consider whether the applicant is a fit person to be trusted with the traffic.

The sum to be paid for a license, as well as the sufficiency of the applicant's bond, call for the exercise of judgment upon the part of the board. The duty and responsibility thus imposed cannot be delegated, but must be discharged by the board, and by no other person or body.

The board cannot confer upon the county attorney, either as such, or as a simple agent, the power, or impose upon him the duty of issuing licences or accepting bonds. Such county attorney cannot, either as such county attorney, or as a simple agent, legally be authorized to hear or determine upon an application for a license; nor to fix or receive the price of the same; nor to accept or approve the requisite bond; nor to issue the license itself; and licences issued by such county attorney are absolutely void, whether assumed to be issued by him as county attorney, or as a simple agent for the board. The county cannot recover the moneys received for such void licenses by such county attorney, in whichever capacity assumed to have been received.

By the provisions of *section* 181, *chapter* 8, *General Statutes*, it is the duty of the county attorney to appear in all suits in which his county is a party, whether pending within or without the same, without further compensation than his salary

This action was commenced in the district court of Hennepin county, and was tried before a jury, who found a verdict for the plaintiff. The defendant made a motion for a new trial, which was denied, and judgment was entered on the verdict. Notice of appeal was given by the defendant from the order denying the motion for a new trial, and from the judgment. No separate bond or undertaking was executed by the defendant on the appeal from the order denying the motion for a new trial; and a motion is made in this court to dismiss such appeal upon that ground. The case is sufficiently stated in the opinion of the court.

HAUSER & ROBINSON for Appellants.

D. A. SECOMBE for Respondent.

*By the Court*—BERRY, J —The attempt to appeal from the order refusing a new trial in this case, was ineffectual, since no undertaking was entered into as required by *section 9, chap. 86, Gen. Stat.*, as amended by *chap. 80, Laws,* 1868. In this case, however, the failure to perfect the appeal from such order is of no practical importance, in as much as we are of opinion that there are errors appearing on the record, which may properly be considered upon the appeal which was taken from the judgment, and for which the judgment must be reversed.

This case presents the following state of facts : In January, 1868, the plaintiff, " The Board of County Commissioners for Hennepin County," adopted a resolution providing that any person desirous of engaging in the business of retailing liquors in quantities less than five gallons, in said county, in the year 1868, should be required to pay the sum or rate of fifty dollars before a license should be issued therefor ; and in and by said resolution said board authorized and required the county attorney, the defendant, to col· lect the said license moneys, and to prosecute any violations of the license law   Blank licenses, signed by the chairman of said board, and attested by the county auditor under his official seal, and blank license bonds, were delivered to the defendant after the passage of the resolution referred to, " without the direction of any one in particular, but in pursuance of conversations of the board, and its members," as is testified by the county auditor.   No application was made to the board for a license for 1868 , no license for 1868 was granted by the board in pursuance of any order made upon any application, nor was there any action of the board in relation to the granting of licenses for 1868, except the adoption of the foregoing resolution.   As to what was done with the blank licenses and bonds, the report of the case is

not altogether explicit, but it is fairly to be inferred, and the case appears to have been tried below and argued here upon the theory, that the defendant, upon receiving the sum of fifty dollars or a proportionate part thereof, filled up the blanks in the licenses, inserting the name of the licensee, &c , and delivered the same to such licensees, respectively ; and that the blank bonds were also filled up and executed by the licensees, respectively, and sureties, and delivered to the defendant ; and that none of said bonds have been approved by the board, or filed with the county auditor. Of the moneys so received by him, the defendant has paid over to the county treasurer the sum of $381.95, and this action is brought to recover of him the remainder, less the sum of $200.00 due defendant on account of his salary as county attorney.

It is plain enough that the wholesale plan of granting licenses, which was adopted by the plaintiff, is not in accordance with the statute, the language of which is, that " the Board of County Commissioners *may* grant licenses," &c. These words used in reference to the business of selling intoxicating liquors, a business which the legislature have with great propriety, as it seems to us, deemed it necessary to regulate, call for the exercise of discretion and discrimination on the part of the board as to the persons to whom licenses shall be granted, and the board has not the right to grant licenses except upon an *application* in each case by the person desiring a license. *Gen. Stat. ch.* 16, *secs.* 1, 2. When such application is made, it is for the board to consider whether the applicant is a fit person to be trusted with a traffic fraught with so much danger to individuals, and to the community. By *section* 2, " any person applying for license * * shall before the same is issued, pay to the county treasurer * * * * a sum not greater than one

hundred dollars nor less than twenty-five dollars per annum, *at the discretion* of the board of county commissioners, and shall file with the clerk thereof, a bond with two or more sureties *to be approved* by the board, &c." The sum which shall be paid for the license in the particular case of each particular applicant, as well as the sufficiency of his bond, call for the exercise of judgment upon the part of the board. The duty and responsibility thus imposed cannot be delegated, but must be discharged by the board, and by no other person or body. If we are right in these views, it follows, that so far as said board attempted by said resolution, or by any construction which they put upon it, or inference which they drew from it, to confer upon the defendant the power, or impose upon him the duty of issuing licenses, or accepting bonds, they acted without, and contrary to, law. His powers and duties as county attorney are defined by statute, and these are not among them; and the board could not constitute him a simple agent for such purpose, for reasons before given. Still further, it is to be observed, that by the express terms of section 2, the sum which may be fixed for the license in a particular case, is to be paid *to the county treasurer* before a license is issued. The defendant, then, was not only not authorized to hear or determine upon an application for a license, but he was not authorized to fix or receive the price of the same in a particular case; nor to accept or approve the requisite bond; nor to issue the license itself; and if this be so, we can conceive of no reason why the licenses issued by the defendant were not absolutely void. There is no room for an estoppel to operate so as to give them validity, because this was a matter of public interest, and the law regulating licenses was a public law, of which the licensees were bound to take notice, and taking notice of it,

they could not in contemplation of law have been misled, or have relied upon the licenses as valid. It must follow that the county of Hennepin has no claim or right to the money which the defendant received as the price of such licenses, unless the defendant by accepting and acting under the agency, attempted to be conferred upon him, has estopped himself from denying such claim or right. As the attempted delegation of the powers and duties of the board was without authority or justification, the case must stand precisely as if no such delegation had been attempted. The question then to be considered is this : Does the fact that the defendant assumed to act as agent for the board or the county in a case in which no lawful agency could exist, and that he received money through and under his assumed agency, which the county had no right to demand or receive from the person from whom defendant received it, estop the defendant from denying the right of the county to collect it from him ? This question answers itself. There is no principle of the law of estoppel which can aid the plaintiff upon such a state of facts ; for to operate by way of estoppel *in pais*, or equitable estoppel, it is necessary that the act done, or the character assumed, should be of such a nature that the repudiation of the same by the defendant would work an injury to the plaintiff. *Wilder vs. City of St. Paul*, 12 *Minn.*, 192 ; *Dezell vs. Odell*, 3 *Hill*, 215 ; 2 *Smith's leading cases*, 742, et. seq. In this case, how can the collecting or retaining of the money received by the defendant for these void licenses without authority of law —money to which the county has no right—prejudice the county in any legal sense ? Without then considering in detail the numerous exceptions taken below, and points made upon the argument in this case, our general conclusion is, that this case was tried upon an altogether errone-

ous theory, and that upon the state of facts appearing in the record, the plaintiff cannot maintain this action.

As to the counter-claim which the defendant sets up, the jury appear to have found against his claim for pay for some five or six days services as county attorney after the expiration of his regular term, and before the induction of his successor, and no basis for reviewing the verdict in this respect is presented by the record ; nor do we understand defendant to insist that there was any error as to the matter. As to the other branch of the counter-claim, viz : That in which defendant claims to recover for services performed, by himself while county attorney, outside of the county limits, though for the county, it is enough to say that as to the services performed on the suits in which the county was a party, it was his duty under *sec.* 181, *ch.* 8, *Gen. Stat.*, to appear in the same, whether pending within or without his county, without further compensation than his salary. As to the services which he claims to have rendered in Ramsey county in resisting the discharge upon *habeas corpus* of prisoners who had been committed in Hennepin county to the jail of Ramsey county, the court below very properly rejected the evidence offered by defendant, because it did not appear that the services had been performed under any special employment by any person or body authorized so to employ the defendant.

These views dispose of the case, and the result is that the judgment must be reversed.