THE STATE *v.* WILCOX.

LIQUOR LAW.—*Sale made after Granting, but before Issuing, License.—Cases Overruled.*—Under sections 5 and 8 of the liquor law, 1 R. S. 1876, p. 871. a license to retail intoxicating liquors can not be granted for a greater or less time than one year, and the license is issued as of the date it is granted ; and where the proper officers receive the applicant's money and issue his license, after the date of his license and of the grant thereof, he can not thereafter be prosecuted for a sale made after the grant, but before the issue, of his license, as for a sale made without license.  To the extent of any actual conflict between the decision in this case and the cases of *Houser* v. *The State*, 18 Ind. 106, *Schlict* v. *The State*, 31 Ind. 246, and *Wiles* v. *The State*, 33 Ind. 206, the latter are overruled.

From the Marion Criminal Circuit Court.

*T. W. Woollen*, Attorney General, and *J. B. Elam*, Prosecuting Attorney, for the State.

*B. F. Davis*, for appellee.

HOWK, J.—On the 13th day of March, 1879, the appellee, James Wilcox, was indicted in due form of law, in the court below, for unlawfully selling intoxicating liquor without a license so to do.

The indictment charged that the said sale was made on the 1st day of March, 1879.  Upon the appellee's arraignment and his plea of " not guilty" as charged in the indictment, the cause was tried by the court, without a jury, and a finding was made for the appellee, and judgment was rendered accordingly.

On the trial, the State, by its attorneys, made certain offers of evidence, to the admission of which evidence the appellee, by his counsel, objected, on certain specified grounds.  These objections were sustained by the court, and to these decisions the State, by its prosecuting attorney, duly excepted, and reserved the questions of law involved, for the decision of this court.

On the record of this cause, the State, by its attorneys, has assigned errors which fairly present, for the decision of this court, the reserved questions of law.

We will set out so much of the record as we think is necessary to the proper presentation of the question reserved by the State, and to a proper understanding of our decision thereof.

On the trial of the cause, the parties agreed to certain facts, as follows:

" It is agreed by the parties to this cause, that James Wilcox, the defendant mentioned in the indictment in said cause, did make the sale of intoxicating liquor, for the purpose of gain, as alleged in said indictment, and that said sale was made on the day, to the person, for the price and in the county and state mentioned and alleged in said indictment; that said Wilcox had a license authorizing him to retail intoxicating liquors of the kind sold in this case, at the place where the said sale was made, and that said license bore date on the 7th day of January, 1879, and licensed him to sell intoxicating liquors for one year thereunder."

After the parties had agreed to the above recited facts, upon the trial of this cause, the State, by its attorneys, offered to prove the following further facts, in regard to the appellee's license:

" That, in the latter part of the year 1878, the defendant, being a male resident of said county of Marion, and a person having the right to retail intoxicating liquors therein upon procuring a proper license as provided by law, published his notice of an intention to apply for said license at the January term of the board of commissioners of said county, to be held on the first Monday in January, 1879; that he presented his said application on the 6th day of January, 1879, to the said board, and filed therewith the bond required by law, which was accepted; and said board, on said day, ordered said license to issue, upon the payment of one hundred dollars to the county treasurer of said county of Marion, Indiana, as the license fee required by

law; and on the 7th day of the said month of January, 1879, said Wilcox obtained from the auditor of said county an order authorizing the treasurer of said county to receive said fee; and said auditor then filled out said license, dating it on the said 7th day of January, 1879, and laid it aside in his office to await the said treasurer's receipt for the said license fee; and on the said day said Wilcox went to the said treasurer's office and paid him the sum of twenty-five dollars ($25), as part of said license fee, and said treasurer made a memorandum thereof; and on the 10th day of February, 1879, said defendant paid to said treasurer fifteen dollars ($15) more, to be applied in the same way; and on the 7th day of March, 1879, said defendant paid the remainder of said one hundred dollars ($100) license fee to the said treasurer, and obtained his receipt therefor, and carried the said receipt for said one hundred dollars ($100) to said auditor and obtained, upon delivering said receipt to the said auditor, his said license, which had been filled up and bore date as aforesaid."

The appellee, by his counsel, objected to the admission of the foregoing facts, offered by the State in evidence, for the reasons that they were immaterial and irrelevant, and could not invalidate his said license, or take away the authority conferred thereby, which objection was sustained by the court, and to this ruling the State, by its attorney, at the time excepted, and reserved the question for the decision of this court. The State, by its counsel, then offered to prove the following additional facts:

" That, on the 3d day of March, 1879, the grand jury of said county, and of the court wherein this indictment is now pending, met in session to inquire into violations of law, in said county, of which said court had jurisdiction, and were informed that said defendant, Wilcox, had been retailing liquors, at the place mentioned in his application for a license, for some weeks, and had taken out no license

authorizing him to do so, and thereupon subpœnaed a number of witnesses who, they believed, could testify as to sales of intoxicating liquor by said Wilcox, and between the said 3d day of March, 1879, and the 6th day of March following, examined before them a large number of witnesses, touching such sales, and among them were several who were and had been employed at the said Wilcox's place, and who were his daily associates; that, before the 7th day of March, 1879, said investigation of said grand jury was complete, and the evidence before them, upon which the indictment in this case was returned; that the said Wilcox, from said witnesses, learned what was going on before said grand jury, or at least that they were investigating his sales of intoxicating liquor, and thereupon and by reason of said information went to the treasurer's office and paid the remainder of his license fee and procured his license, as shown in the testimony above offered; but that, by reason of press of business, the indictments ordered by the grand jury were not prepared by the prosecuting attorney of this court for some days after their said investigation was complete, and said indictments were not returned into court until said grand jury was ready to report upon other matters also; and this, with many other indictments, and other matters, were so returned into court on the 13th day of March, 1879."

To the admission of these additional facts in evidence, the appellee objected upon the ground that they were irrelevant, immaterial and incompetent, and should not be received as affecting any sale made by the appellee, after the date, or during the period, of his license, which objection was sustained by the court, and to this ruling the State, by its attorney, excepted, and reserved the question for the decision of this court.

From the foregoing statement of this case, as shown by the record, it will be seen that the State, by its attorney,

has reserved two questions of law for our decision; but these two questions are so closely connected, that they may be properly considered together. We may premise, that our decision of those questions can have no possible bearing upon the case at bar; but we are required "to pronounce an opinion" upon the questions reserved, which opinion "shall be binding upon the inferior courts, and shall be a uniform rule of decision therein." 2 R. S. 1876, p. 405, sec. 119.

It will be observed, from our statement of this case, that on the trial the State admitted, that the appellee, Wilcox, had a license authorizing him to retail intoxicating liquors, of the kind sold in this case, at the place where the sale was made, and that this license bore date the 7th day of January, 1879, and authorized him to make such sales for and during one year from and after said last named day. This license, by its terms, expressly authorized the appellee to make the identical sale, on the 1st day of March, 1879, on which the indictment in this case is predicated. It will also be observed, that the State, after its admission that the appellee had a license which authorized him to make the identical sale charged in the indictment, offered to prove the two separate and distinct sets of facts above recited. The evident object and purpose of each of these sets of facts, as offered by the State in evidence, were to obviate the effect of the State's admission, to contradict the terms of the appellee's license, to the extent of showing that it did not bear the true date of its issue, and that it did not, as it purported to do, authorize the appellee to retail intoxicating liquors for one year from and after its said date of January 7th, 1879, and to show by parol evidence, that while, on its face, the license was for one year from and after its date, yet it was in fact only a license for ten months from and after the 7th day of March, 1879.

From what we have said it will be readily seen that the main question for decision in this case is almost identical with the question which was fully considered and decided by this court in the recent case of *Vannoy* v. *The State*, 64 Ind. 447. Indeed, this is conceded by the learned counsel of the State in their argument of the case at bar; and, therefore, they have asked us "to limit the scope" of the case of *Vannoy* v. *The State*, "modify it, or overrule it altogether." In the case cited, it appeared that Vannoy had, in due form of law, obtained an order from the proper board of commissioners granting him a license to retail intoxicating liquors, at a certain place, for and during one year from and after the date of said order, upon the payment of the license fee required by the statute, and that he had, on and before the date of said order, strictly and literally complied with all the requirements of the statute, *except* as to the payment of such license fee; that he had *neglected to pay such license fee* for more than six months after the date of the order granting him such license, and had then paid the fee and obtained from the proper officer his license, of the same date as the date of the order granting it, and for the term of one year from and after said date; and that, during the time intervening between the date of said order and the date of the manual delivery to him of his license, upon his payment of the fee therefor, he made the sale upon which the indictment against him was predicated; and that this indictment had not been found and returned against him, until some time after his payment of said fee and his actual possession of the license, which, by its terms, expressly authorized him to make the sale charged in said indictment. This was substantially the case against Vannoy, and it is evident, we think, that there is no material difference between that case and the case at bar, as it would have been if the facts offered by the State had been admitted in evidence.

In the Vannoy case, it was held by this court, that where a retailer of intoxicating liquors had made a sale without license, and therefore an unlawful sale, he could not be indicted and punished for such sale, *after* he had received a license, issued in conformity with law and by the proper officer, which license, by its terms, covered the precise time and place when and where such sale was made, and expressly authorized him to make such sale at such time and place. In other words, it was held in that case, that after a sale without license, and therefore an illegal sale, by a retailer of intoxicating liquors, the subsequent payment and receipt of the license fee, and the subsequent issue to such retailer, by competent authority and in conformity with law, of a license covering the precise time and place of such sale, and expressly authorizing such sale, would so far legalize such unlawful sale as to relieve such retailer from the penalties prescribed by the statute, in any prosecution for such offence, subsequent to the issue of such license.

It seems to us that the doctrine of the case cited is just and right, and is in strict harmony with the provisions of the statute ; while a contrary doctrine might, in some instances, work injustice and oppression. We are not inclined either to limit the scope of the Vannoy case, or to modify it, and certainly not to overrule it, for it still meets the approval of our judgments. The law of this State recognizes the sale by retail of intoxicating liquors as a lawful business, in which good and lawful men may lawfully engage. The business, however, is of such a nature that the law-making power of this State has seen fit to provide, by positive enactment, that those persons who may engage therein shall pay a certain sum of money into the county treasury, for a license, which will authorize them to pursue the business, under certain specified restraints, for a certain period of time. The statute regulating the sale of

intoxicating liquors has placed the business of selling by retail under the power and control of the different officers of the county, prescribing the duties of the several county officers, in connection with the business. The board of county commissioners may grant license to sell by retail intoxicating liquors, upon the applicant's giving bond to the approval of the county auditor ; but, after this grant, the applicant " shall pay the treasurer of said county one hundred dollars, as a license fee for one year, before license shall issue to him." 1 R. S. 1876, p. 871, sec. 5.

In section 8 of the statute, it is provided that no license " shall be granted for a greater or less time than one year."

It will be seen from these statutory provisions, that the fee of one hundred dollars pays for one year's license, and that the license can not be granted for a greater or less time than one year. The license is issued as of the date of the grant, and runs for one year from that date. If the county officers receive the applicant's money and give him his license two months, as in this case, or six months, as in the Vannoy case, after the date of the license and of the grant thereof, it seems to us that he can not thereafter be prosecuted for a sale made after the grant, but before the issue of such license, as a sale made without license, without doing violence to the plainest principles of right and justice. If the appellee, in this case, could be indicted and convicted after the 7th day of March, 1879, for a sale made before that day and after the 7th day of January, 1879 as a sale made without license, the practical result would be that his license, though nominally issued for one year, would only cover a period of ten months, and the fee of one hundred dollars, paid by him for one year's license, and one year's immunity from criminal prosecutions for sales, without license, would actually afford him such license and immunity for and during the period of ten

months only. Such a result, we think, would be manifestly wrong and unjust, and is not contemplated by any of the provisions of the statute.

In our opinion, the facts offered in evidence by the State, in this case, were immaterial and incompetent, and the court committed no error in excluding them.

We are aware that the conclusion we have reached in this case is not in apparent harmony with the decisions of this court in the cases of *Houser* v. *The State*, 18 Ind. 106, *Schlict* v. *The State*, 31 Ind. 246, and *Wiles* v. *The State*, 33 Ind. 206. These cases were decided when other statutes were in force, regulating the sale of intoxicating liquors; but, in so far as the questions involved in this case are concerned, these other statutes did not differ substantially from the act now in force, on the same subject. To the extent of any actual conflict between our decision, in the case at bar, and the decisions in the cases cited, the latter are overruled.

The appeal of the State, in this case, is not sustained.

NIBLACK, J.—As the facts agreed upon in this case entitled the appellee to an acquittal, I concur with my associates in holding that the additional evidence offered by the prosecuting attorney was inadmissible, but I do not wish to be understood as agreeing that a party can enjoy the immunity which a license to sell intoxicating liquors affords, until he has fully complied with all the conditions entitling him to receive a license, and has actually received his license. See *Vannoy* v. *The State, supra.*