No. 9832.

## SANDERS *v.* THE STATE.

CRIMINAL LAW.—*Acts of* 1881.—The acts of 1881 took effect Septem-
ber 19th, 1881.

SAME.—*Criminal Code and Public Offences.* — *Statutes Construed.* — The
criminal code and the act defining public offences, though approved on
different days, took effect simultaneously and are to be construed as *in
pari materia;* and, so construed, they save the right to prosecute for past
offences, though the prosecution had not been commenced before Sep-
tember 19th, 1881.

From the Hamilton Circuit Court.

*F. M. Trissal, D. Moss, R. R. Stephenson* and *W. S.
Christian,* for appellant.

*D. P. Baldwin,* Attorney General, *W. A. Kittinger,* Pros-
ecuting Attorney, and *W. W. Thornton,* for the State.

WOODS, J.—On the 22d day of September, 1881, an in-
dictment was returned into court against the appellant,
charging him with having sold, on the 15th day of August,
1881, intoxicating liquor, in a quantity less than a quart,
without being licensed to make such sale. Having saved an
exception to the overruling of his motion to quash the in-

dictment, the appellant entered a plea of guilty, and was. adjudged to pay a fine of twenty dollars.

It is not claimed that the indictment was defective in. form or in substance, but it is insisted, 1st. That the law under which it was found had been repealed before the institution of the prosecution; and, 2d. If the law had not. been repealed, there was no law in force giving the court jurisdiction. Counsel say: "The facts charged would constitute an offence under section 12 of the act of 1875 (Spec.. Sess. 1875, p. 55) regulating the license and sale of intox-icating liquors. The act of April 14th, 1881, p. 174, Acts. 1881,'Concerning public offences and their punishment,' prescribes what sales of intoxicating liquor shall be unlawful,. etc. Under the title, 'Intoxicating liquors,' follow sections. 184 to 192, inclusive, devoted to that subject. Section 300' of the same act reads as follows: 'All laws in conflict with this act are hereby repealed; but this repeal shall not affect any prosecutions pending or offences heretofore committed' under existing laws, and such prosecutions and offences shall be continued and prosecuted to a final determination, as if this act had.not passed.' If the act of 1875 only provided for the granting of license to sell intoxicating liquors, there would probably be nothing in the act of 1881 that would conflict with its provisions; but the act of 1875, by its 12th: section, defines an offence, and prescribes a penalty for making sales without a license. Unquestionably, sections 9, 10,. 11, 13, 14, 15, 16 and 17 of the act of 1875 are repealed by the act of 1881. Can it be said that section 12 alone remains in force? Our position is, that, as the entire subject-matter of the sale of intoxicating liquors, under a title expressly devoted to that subject, has been legislated upon,. it can not be said that. an isolated section of the old law upon the same subject shall remain in force; and that 'a. statute is impliedly repealed by a subsequent one revising.

the whole subject-matter of the first.' *Bartlett* v. *King*, 12 Mass. 537 ; *Nichols* v. *Squire*, 5 Pick. 168.''

We do not perceive any inconsistency between section 12 of the act of 1875 and the provisions of the act concerning public offences, found under the head ''Intoxicating Liquors,'' and if there was no other provision in that act in relation to the subject, section 12 would clearly be still in force. It would stand as the only sanction by which the unrepealed parts of the act in which it is found could be enforced. It would be useless to require the vender of liquors to obtain a license, without affixing a penalty for sales without license.

It might, perhaps, be claimed with some plausibility, that section 249 of the act concerning public offences, R. S. 1881, p. 393, sec. 2090, supplies the place of section 12, and should be deemed to repeal it by implication. It reads as follows :

''Whoever, by himself or agent, transacts any business or does any act without a license therefor, when such license is required by any law of this State, shall be fined not more than two hundred dollars nor less than five dollars.''

But if this section superseded section 12, *supra*, a point on which we do not decide, still the repeal did not take effect until September 19th, 1881, when the laws of 1881 were proclaimed to be in force. The provisions of the act of 1875 were, therefore, all in force on the 15th day of August, 1881, when the offence of the appellant is charged to have been committed, and by virtue of section 300, *supra*, of the law of 1881, pending prosecutions and offences theretofore committed were saved and continued, and authorized to be prosecuted to a final determination, as if the repealing act had not been passed. More comprehensive language than was used it would have been difficult to devise. But it is said that the court had no jurisdiction to try the cause, by

reason of section 323 of the new criminal code, R. S. 1881, p. 353, sec. 1901, which reads as follows :

"An Act entitled 'An Act to revise, simplify, and abridge the rules, practice, pleadings and forms in criminal actions in the courts of this State,' approved June 17, 1852, and all other laws within the purview of this Act, and inconsistent with the provisions thereof, are hereby repealed ; but this repeal shall not affect any prosecutions pending under existing laws ; and such prosecutions shall be continued to a final determination under the provisions of this act."

The criminal code was approved April 19th, 1881, and the act defining public offences on April 14th, 1881, but they took effect simultaneously on September 19th, 1881. They may well be construed as being *in pari materia*, and equal force given to their provisions unless irreconcilable. Counsel for the appellant on this point say : "There was no prosecution pending for this offence until the filing of the indictment on the 22d day of September, 1881, and, when it was filed, the new law was in force. In other words, our position is : Unless a prosecution had been commenced during the existence of the old law, there is no authority in the new act to prosecute for a past offence."

If the decision depended on section 323 alone, counsel would perhaps be right, but section 300 of the act defining offences was designed to save not only pending prosecutions, but also offences theretofore committed, though no prosecution had been commenced. The two provisions are not inconsistent, and the evident legislative design can not be thwarted in the manner proposed.

The judgment is affirmed, with costs.