No. 9936.

## KEISER v. THE STATE.

LIQUOR LAW.—*License.—Date.*—A license to sell intoxicating liquor, under the law of March 17th, 1875, should bear date of the day when issued, takes effect from that date, and does not relate back to the order of the board of commissioners granting the license, though so dated, so as to legalize sales made between the date of the order and the issuing of the license. *Vannoy* v. *The State*, 64 Ind. 447, and *The State* v. *Wilcox*, 66 Ind. 557, overruled.

SAME.—*Bond.*—The license can not lawfully issue until the licensee has given the bond required by law, and such bond does not cover transactions which occurred before its execution.

SAME.—*Statutes.—Repeal.*—The 12th section of the liquor law of 1875 is not repealed by section 249 of the act of 1881 concerning public offences.

SAME.—*Criminal Law.—Information and Affidavit.—Name of Accused.—Practice.—Amendment.*—An affidavit and information, in a prosecution for selling intoxicating liquor without license, must name or in some way designate the accused, and, if the information omits the name, it should, on motion, be quashed. In the lower court the information might have been amended to conform to the affidavit, but, over a motion to quash, it will not be regarded as amended on appeal.

From the Henry Circuit Court.

*D. W. Chambers* and ———— *Hedges,* for appellant.

*D. P. Baldwin,* Attorney General, *L. P. Newby,* Prosecuting Attorney, *W. W. Thornton* and *J. M. Brown,* for the State.

WOODS, J.—The appellant was convicted and adjudged to pay a fine of $20 for selling intoxicating liquor, in a quantity less than a quart, without a license so to do. The principal question' in the case, which is presented in different ways, is, whether, in law and in fact, the appellant had a license at the time of the sale. This appeal might be disposed of without looking beyond the information, which must be held bad; but the question stated, as well as another question which we pass upon, besides being of general importance, will necessarily be involved in another trial, if the information shall be amended, as it may be; and we therefore deem it best to decide them now. There is no dispute concerning the facts, which are substantially as follows:

On the 22d of September, 1881, upon consideration of the petition of the appellant, the board of commissioners of the county found that he was a suitable person to receive a license, and ordered, "that in case he complies with the statute in this and like cases made and provided, and files with the auditor the treasurer's receipt for the sum of $100, then the auditor shall issue, in the name of the board of commissioners of the county of Henry, and the State of Indiana, a license to the said John N. Keiser to sell intoxicating liquor as prayed for in the petition in this behalf."

The petition and proof of notice were not put in evidence.

On the 24th day of November, 1881, the appellant filed with the auditor the treasurer's receipt, and also a bond, and the auditor, having indorsed his approval thereon, on the same day made out and signed a license, which the defendant left with the auditor, and which, after this prosecution had been commenced, was delivered to his attorney for the appellant's use. The license was put in evidence. It reads: "This certifies that license has been granted by the board of commissioners of Henry county, State of Indiana, to John N. Keiser, for one year from the 22d day of September, 1881, to sell spirituous, vinous and malt liquors, in a less quantity than a quart at a time, with the privilege of allowing the same to be drank upon the premises," etc.

The bond given by the appellant bears date November 24th, 1881, and is in the usual form, the condition reading, "Now therefore, if the said John N. Keiser shall keep an orderly and peaceable house, and shall pay all fines and costs or damages, and pay all judgments for civil damages growing out of unlawful sales, that may be assessed against him for any violation of the provisions of said act, then," etc.

The sale for which the appellant was convicted was made after the date of the order of the board of commissioners, and before the payment by the appellant of the license fee to the treasurer, and the giving and approval of the bond, and the

issuing of the license. The affidavit, on which the prosecution is based, was made on the 23d day of November, 1881.

The statutory provisions relevant to the granting of license are found in the act of March 17th, 1875. 1 R. S. 1876, page 869. The 1st section of this act declares it unlawful to sell intoxicating liquors in a quantity less than a quart at a time, "without first procuring * * a license as hereinafter provided." The 3d section prescribes the notice which the applicant shall give of his petition. The 4th section provides that the board "shall grant a license to such applicant upon his giving bond to the State of Indiana, with at least two freehold sureties, resident within said county, to be approved by the county auditor, * * conditioned that he will keep an orderly and peaceable house, and that he will pay all fines and costs that may be assessed against him for any violations of the provisions of this act, and for the payment of all judgments for civil damages growing out of unlawful sales, as provided for in this act, which bond shall be filed with the auditor of said county : * * *Provided*, That no appeal taken by any person from the order of the board granting such license shall operate to estop the person receiving such license from selling intoxicating liquor thereunder, until the close of the next term of the court in which such appeal is pending, at which such cause might be lawfully tried. And he shall not be liable as a seller without license for sales made during the pendency of such appeal," etc.

"Sec. 7. Upon the execution of the bond as required in the fourth section of this act and the presentation of the order of the board of commissioners, granting him license, and the county treasurer's receipt, * * * the county auditor shall issue a license to the applicant for the sale of such liquors, as he applied for, * * * which license shall specify the name of the applicant, the place of sale, and the period of time for which such license is granted.

"Sec. 8. No license, as herein provided, shall be granted for a greater or less time than one year.

"Sec. 12. Any person not being licensed according to the provisions of this act, who shall sell or barter, directly or indirectly, any spirituous, vinous or malt liquors in a less quantity than a quart at a time, * * * shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in any sum not less than twenty nor more than one hundred dollars, to which the court or jury trying the cause may add imprisonment, in the county jail, of not less than thirty days nor more than six months."

Upon the question involved the cases in this State are not in harmony. The earlier cases support the ruling of the circuit court. *Wiles* v. *The State,* 33 Ind. 206; *Schlict* v. *The State,* 31 Ind. 246; *Houser* v. *The State,* 18 Ind. 106. Contra, *Vannoy* v. *The State,* 64 Ind. 447; *The State* v. *Wilcox,* 66 Ind. 557; *Kelley* v. *The State,* 69 Ind. 418.

The authorities elsewhere seem to be in accord with the earlier cases here. *Bolduc* v. *Randall,* 107 Mass. 121; *The State* v. *Hughes,* 24 Mo. 147; *Edwards* v. *The State,* 22 Ark. 253; *Brown* v. *The State,* 27 Tex. 335; *Lawrence* v. *Gracy,* 11 Johns. 179. See note to *The State* v. *Wilcox, supra,* 9 Cent. L. Jour. 408.

The Texas court, in the case cited, says: "The law provides that no person or firm shall sell spirituous, vinous, or other intoxicating liquors, in quantities less than one quart, without first having obtained license therefor, in the manner prescribed by the act of February 2d, 1856. The order of the county court to the clerk thereof to issue a license to the applicant, does not, of itself, authorize the applicant to retail liquors, but only authorizes the issuance of a license to do so, after the applicant shall have complied with all the pre-requisites of the law. In this case, the clerk of the county court ought to have made the license prospective. After the applicant had produced to the clerk of the county court the county treasurer's receipt for the amount of money paid by the applicant, the license ought then to have been granted, to take effect

from that time, and not from the time when the county court acted upon the application.   Any other practice would enable the applicant, who had taken the preliminary steps in the county court to obtain license, to take the chances of violating the law with impunity, reserving to himself the means of defending himself successfully against a prosecution, if it became apparent that one was about to be instituted."

In the Arkansas case it is held, under a statute forbidding sales by retail without license, that " though jurisdiction is conferred on the county court to grant a license, in such cases, to operate prospectively, yet it has no jurisdiction or power to make the license operate retrospectively ; or in other words, to cure a past offence, or legalize a crime."

The Supreme Court of Missouri, upon a state of facts essentially the same as those disclosed in this record, said : " The order is not the license ; and when the license is obtained and dated, it looks forward, not backward.   It can not have relation back so as to cover the intermediate space.   The order for a license would not protect him, if he sold liquors (intoxicating) before he thought proper to obtain his license ; if so, he would not trouble himself to get a license.   But it is the license to sell that gives the seller the protection under the law, and this court can not sanction the doctrine of relation back in such cases.   The clerk of the county court very properly dated his license when it was issued ; he referred to the previous order of the county court, thereby showing his authority to issue the license—not that the license was to have operation and vitality so long before it was in being."

The Massachusetts case is perhaps not fully in point, but nevertheless affords support to the doctrine of the other cases.

*Lawrence* v. *Gracy, supra,* was an action to recover a penalty under a statute, for retailing spirituous liquors without license.   The defendant showed that he had paid the license fee and had a parol license.   The statute, however, prescribed a written license, and the court held that none other would do.

The authorities, almost without exception, seem to concur in requiring, in respect to the obtaining of the required license, a strict compliance with the law. See, besides cases already cited, *Kadgihn* v. *City of Bloomington*, 58 Ill. 229; *Spake* v. *People*, 89 Ill. 617; *Commonwealth* v. *Blackington*, 24 Pick. 352; *State* v. *Shaw*, 32 Me. 570; *McWilliams* v. *Phillips*, 51 Miss. 196; *Commissioners, etc.*, v. *Robinson*, 16 Minn. 381; *The State* v. *Terry*, 35 Texas, 366; *State* v. *Fisher*, 33 Wis. 154.

In the case of *City Council of Charleston* v. *Corleis*, 2 Bailey (S. C.) 186, it was held that a license from the city to retail spirituous liquors from a day *past* was a release of the penalties for retailing without license subsequent to that day and before the taking out of the license. But it seems, in that case, that there was an ordinance authorizing the city council to grant licenses at any time, but declaring expressly that they should " relate back to the regular semi-annual periods of April and October." The case can not, therefore, be said to be at variance with the general current of decisions on the subject.

In *Wiles* v. *The State*, 33 Ind. 206, the holding of this court was expressed in the following language: "The order of the county board is not the license, nor does it alone confer the power to retail. It is but one of the preliminary steps in procuring the license. The order may be made, but the applicant may refuse to pay the fee or execute the bond, without which he is not entitled to the license. It is the license itself, properly procured, that confers the right to retail under the statute, and until it is issued no such right is conferred. *Schlict* v. *The State*, 31 Ind. 246. It is made a penal offence to sell intoxicating liquors by a less quantity than a quart at a time, or to sell in any quantity to be drunk or suffered to be drunk in the vender's house, out-house, etc., without such license, and it is not in the power of the county board or the auditor to grant a license extending back to a prior date, so as to cover offences already committed. The license can only take effect from the date it is issued."

This seems to be the true and consistent doctrine, and, notwithstanding the later cases, we deem it best to return to it.

It may be observed, with reference to the facts of the case before us, that the bond which the appellant gave was entirely prospective in its terms, as, indeed, the statute seems clearly to contemplate that it should be, and it would hardly be contended that his bondsmen were made liable by that instrument to pay fines and costs or civil damages, which might be adjudged against the appellant on account of anything done before the bond was made, though done after the order of the board for the granting of the license. The law plainly requires that the licensed seller of intoxicating liquors shall be under bond, with sureties, conditioned as prescribed in the statute. He can not be under license unless at the same time under bond. The appellant, at the time of the sale in question, had not given bond and had no license, and though it should be held that, under some circumstances, the license might relate back, it can not be held in this case, for the reason, if no other, that the appellant had given no bond at the time of the sale on which the prosecution is based.

The next question arises upon the giving and refusing of instructions. The appellant asked the court to charge that the punishment which might be inflicted, if he was found guilty, was a fine of not less than $5 nor more than $200. The court refused this, and instructed according to the 12th section of the act of March 17th, 1875, which, as we have seen, fixes the minimum of punishment at $20.

It is claimed by the appellant that section 12 of that act is impliedly repealed by section 249 of the act of 1881, concerning public offences, which section reads thus: "Whoever, by himself or agent, transacts any business or does any act without a license therefor, when such license is required by any law of this State, shall be fined not more than $200 nor less than $5."

In the case of *Sanders* v. *The State*, 77 Ind. 227, it was contended, on other grounds, that section 12 had been repealed,

and that the right to prosecute for offences committed against its provisions while in force had not been saved. We held otherwise, ·and, in the opinion, suggested that if there had been a repeal of the section, it was by implication from section 249 aforesaid. But it is a well settled rule that repeals by implication are not favored ; and general provisions, such as section 249, will not be construed as superseding a prior special provision in reference to a particular subject. Section 249 is to be construed as applying to any transaction, business or trade, for which the law requires a license, without providing a special penalty for failing to obtain it. The sections under consideration may well stand together ; there is no necessary conflict between them, and the one therefore does not repeal the other. Sedgwick Statutory and Constitutional Law, 97–107 ; Potter's Dwarris Statutes, 154–158 and notes. Said 12th section appears in the R. S. 1881, as section 5320.

The further point is made and must be sustained, that the information is insufficient, because it does not show that the appellant committed the alleged offence. So much of the information, as is necessary to present the question, is of the tenor following, to wit :

"STATE OF INDIANA.    }     HENRY CIRCUIT COURT, Nov. Term, 1881.

"L. P. Newby, prosecuting attorney," etc., "informs the Circuit Court of Henry county, and State of Indiana, that on or about the 15th day of November, 1881, at said county of Henry, and State of Indiana,     did then and there unlawfully sell," etc., " he, the said John N. Keiser, not then and there being licensed."

It will be observed that the name of the one accused of committing the offence is omitted. Counsel for the State insist that the affidavit and information must be considered together, that the latter was amendable by the former, and that " this court must presume that it was amended." We can

not indulge presumptions inconsistent with the record; neither can we treat the case as if the amendment had been made. The criminal code, Revision of 1881, section 1756, provides that no indictment or information shall be deemed invalid, set aside or quashed, among other reasons, "*Sixth.* For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged." The plain implication from this, and from general principles as well, is, that if an information fails to name or otherwise distinctly indicate the person charged, it must be held bad on appeal, after a motion to quash has been overruled. The court below might doubtless have permittéd an amendment, to conform the information to the affidavit, but this not having been done, the judgment must be reversed. There must be a good information as well as a good affidavit.

The judgment of the circuit court is therefore reversed, and the case remanded with instructions to sustain the motion to quash the information.

WORDEN and HOWK, JJ.—We concur with the court in holding that the information in this case was insufficient, and that section 12 of the act of March 17th, 1875, regulating and licensing the sale of intoxicating liquors, is still in full force. But we can not concur in the views expressed in the opinion of WOODS, J., speaking for the majority of the court, in reference to the operation and effect of the appellant's license, or to the time when such license ought to have been dated. Upon these points, we adhere to the views expressed in *Vannoy* v. *The State*, 64 Ind. 447, and *The State* v. *Wilcox*, 66 Ind. 557.