Filed Nov. 9, 1883.

---

No. 11,233.

## DUDLEY v. THE STATE.

INTOXICATING LIQUOR.—*Sale Without License.—Defence.*—In a prosecution for an unlawful sale of intoxicating liquor, in a less quantity than a quart, the facts that the defendant had, prior to such sale, upon proper notice and after having given the bond required by the statute, obtained from the proper county board an order granting him license to sell such liquor in a less quantity than a quart at a time, for the term of one year, are not sufficient to constitute any defence, when it appears that the offence was committed and the indictment against him was returned before he had paid the requisite fee for, or taken out, his license.

From the Sullivan Circuit Court.

*W. S. Maple* and *W. C. Hultz*, for appellant.

*F. T. Hord*, Attorney General, *J. D. Alexander*, Prosecuting Attorney, and *S. C. Coulson*, for the State.

HOWK, J.—In this case, the appellant, Dudley, was indicted for an unlawful sale of intoxicating liquor, in a less quantity than a quart at a time, to wit, one gill, on the 12th day of March, 1883; "he, the said William G. Dudley, not then and there having a license to sell intoxicating liquor in

Dudley v. The State.

a less quantity than a quart at a time, in force at the time according to the laws of this State."

The cause was properly put at issue and tried by the court, and a finding was made that the appellant was guilty, as charged in the indictment, and assessing his fine, and, over his motion for a new trial, judgment was rendered accordingly.

The overruling of his motion for a new trial is the only error assigned by the appellant in this court. The only cause assigned for such new trial was, that the finding of the court was "contrary to the law and the evidence in this case."

The sale of the intoxicating liquor by the appellant, as charged in the indictment, is not denied by his counsel. But the facts relied upon by counsel for the reversal of the judgment are that appellant had given the notice, required by section 5314, R. S. 1881, for the time therein prescribed, that he would apply to the board of commissioners of Sullivan county, at its March term, 1883, for a license to sell spirituous, vinous, malt and other intoxicating liquors, in a less quantity than a quart at a time, for one year, etc.; that, having proved the publication of such notice and filed his petition for such license, together with the bond required by section 5318, R. S. 1881, the county board made an order granting him the license prayed for, for one year from the 5th day of March, 1883; and that on the 28th day of March, 1883, having then fully paid the requisite fee therefor, the license was duly issued to him by the county auditor, for the term of one year from March 5th, 1883.

The indictment was returned into court, in this case, on the 24th day of March, 1883, and charged an offence committed on March 12th, 1883, between the date of the order of the county board granting the license, and the date of the full payment of the license fee and of the issue of the license. The question for decision is this: Do the facts relied upon by the appellant, above recited, constitute any valid or legal defence to this prosecution, or authorize this court to reverse

the judgment of the trial court? We are of opinion that this question must be and ought to be answered in the negative. It has never been held by this court, in such a case as the one at bar, that the issue of a license would constitute a good defence to a prosecution, previously instituted and then pending, for an offence committed between the date of the order, granting the license, and the date of such license, even though the license in terms embraces and covers the date of such offence. *Keiser* v. *The State*, 78 Ind. 430, and cases cited.

Appellant's counsel quote from the opinion of the court, in *Keiser* v. *The State*, *supra*, as follows: "The law plainly requires that the licensed seller of intoxicating liquors shall be under bond, with sureties, conditioned as prescribed in the statute. He can not be under license unless at the same time under bond. The appellant, at the time of the sale in question, had not given bond and had no license, and though it should be held that, under some circumstances, the license might relate back, it can not be held in this case for the reason, if no other, that the appellant had given no bond at the time of the sale, on which the prosecution is based."

In the case in hand, as we have seen, the appellant's bond was filed with his petition, and was approved before or at the time the county board made the order granting him the license. On behalf of the appellant, it is insisted with much earnestness that the "circumstances" of his case were such that his license ought to relate back and constitute a defence to this prosecution, commenced before and pending at the time of his procurement of his license. Whether, in such a case, the "circumstances" are such as would render the prosecution an act of seeming hardship or injustice, or not, is a question to be considered or decided, in any case, which we very much doubt, but do not decide; it is a question for the consideration of the prosecuting attorney, with the advice and approval of the trial court. Where, as in this case, the prosecuting attorney insists upon the prosecution and conviction

of the defendant, and the court below, over his motion for a new trial, concurs in and approves of such conviction, we are of opinion that the "circumstances" relied upon afford this court no legal ground for reversing the judgment.

The motion for a new trial was correctly overruled.

The judgment is affirmed with costs.

