## THE STATE VS. WHITE.

Where a license to retail spirituous liquors has been granted by the county court on the applicant paying the price for such license, and he has paid it to the county treasurer, and applied to the clerk for the license, although it was not proper for him to commence retailing until his license was issued by the clerk, the jury were warranted in finding that he was guilty of no criminal violation of the statute in retailing before the issuance of the license; and, of course, the person acting as his clerk was guilty of none.

*Error to Benton Circuit Court.*

Hon. J. J. GREEN, Circuit Judge.

HOLLOWELL, for the State.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

White was indicted in the Benton Circuit Court for retailing without license.

On the trial the State proved that, in the month of Decem-

ber, 1859, he sold ardent spirits, of different kinds, to persons in less quantities than one quart.

White, in justification, proved that *Elgy*, his father-in-law, presented a petition in accordance with the statute, to the county court of Benton county, on the 6th of October, 1859, for license to retail ardent spirits; and the court made an order granting him license for twelve months, on his paying into the county treasury $25, the price prescribed by the court for the license.

On the same day, Elgy, in conformity to the order, paid the sum required to the treasurer of the county, and took his receipt therefor.

Afterwards, he opened his grocery, or *bar*, as he called it, and employed White as a clerk, who was acting as such when he sold the spirits referred to by the witness for the state.

After Elgy paid the $25 to the county treasurer, and obtained his receipt, he saw the clerk of the county court on the street, and requested him to issue his license. He had the treasurer's receipt in his pocket at the time, but did not show it to the clerk. The receipt was not filed with the clerk, nor the license issued until some time in the following spring.

Upon the above facts White was acquitted by a jury, under the charge of the court as to the law of the case, and the prosecuting attorney, deeming the state aggrieved by the acquittal, appealed to this court.

It was not proper for Elgy to commence retailing until his license was issued by the clerk, and delivered to him, but the court having made an order directing the license to be issued, upon his paying the price fixed into the county treasury, and he having accordingly paid the money to the treasurer, and obtained his receipt therefor, we think the jury were warranted in finding, upon the facts of the case, that he was guilty of no criminal violation of the statute (*Dig.*. chap. 169, *secs.* 8, 11); and it follows, as a matter of course, that White, who was acting as his clerk, was not guilty of crime.

The judgment must be affirmed.