# Elsberry v. The State.

*Indictment for Carrying on Business without License.*

1. *Venue; sufficiency of proof as to.* — Where the evidence reasonably conduces to prove the venue, the appellate court will not pass upon its sufficiency, unless that question was raised in the court below.

2. *License under revenue law; taking out, after beginning of year, effect of.* — Under the Revenue Law of 1868, a license taken out and paid for after the first day of the year, and covering the whole of the year, is no protection against an indictment, afterwards found, for acts done in that year prior to the actual issue of the license.

3. *Corporation engaging in business without license; who may be convicted therefor.* — The superintendent or person conducting the business of a corporation — although he does none on his own account, and acts simply as its servant — may be convicted and punished for carrying on such business without license, if neither he nor the corporation had taken out a license.

APPEAL from City Court of Montgomery.

Tried before Hon. J. A. MINNIS.

The indictment, which was found March 24, 1874, charges that appellant and other persons, whose names were to the grand jury unknown, " did engage in or carry on the business of commission-merchants," without license, &c.

The State proved that the "Alabama Warehouse Company" carried on the business of commission-merchants during the months of January and February preceding the finding of the indictment; that said company was a corporation under the laws of Alabama; that defendant was a stockholder therein, and was also its superintendent and conducted its business." It was further proved that the "Alabama Warehouse Company" had not any license for that business during those months, but did take out and pay for such license on the 4th day of March, 1874.

The defendant introduced the license referred to, countersigned by the probate judge, without month or day of date, or any other date than that of "1874." At the top of it is printed MONTGOMERY COUNTY. It authorizes the "Alabama Warehouse Company (by A. F. Elsberry, agent) to transact business as commission-merchants, from January 1, 1874, to

[Elsberry v. State.]

December 31, 1874, at Montgomery, Alabama, and at no other place." This was all the evidence.

The court gave a general charge to the jury, which is not set out, to which no exception was reserved. The defendant then requested the following charges in writing : —

1st. If the jury believe the evidence, they must find for the defendant.

2d. If the jury believe that the company was a corporation of the State, and took out a license on the 4th day of March, 1874, for that year, and carried on the business of a commission-merchant, and that defendant did not carry on any business on his own or private account, but simply acted as superintendent for said company, then they must find the defendant not guilty.

3d. If the jury believe that Elsberry did engage in or carry on the business of a commission-merchant, but that in doing so he was only acting in the capacity of a servant of the company, — although they may believe he was a stockholder in it, — they cannot find him guilty.

The court refused each of these charges, and the defendant severally and duly excepted.

The refusal to give the charges requested is now assigned for error.

ARRINGTON & GRAHAM, for appellant. — The venue was not proved and the conviction cannot be sustained. 41 Ala. 419 ; 32 Ala. 557 ; 27 Ala. 27.

2. The State, after receiving the full price of the license for the whole year, is estopped from prosecuting a citizen to recover a penalty incurred during that same time. *Brent* v. *State*, 43 Ala. 297 ; *Charleston* v. *Corleis*, 2 Bailey (S. C.), 186.

3. This is not a police, but a revenue, regulation. The revenue law requires every " firm, company, or *corporation*," &c., to take out a license ; and for failure to do so the *corporation* is indictable. 37 Ala. 562. Being a revenue law, it is not the policy of the State to permit a conviction of every person engaged, however remotely, in carrying on the business of a corporation, when the corporation itself can and ought to be indicted.

JOHN W. A. SANFORD, Attorney General, *contra*.

MANNING, J. — It is now insisted here, but the point was not brought to the attention of the court below, that no venue was proved. The answer to this is furnished by the opinion of this court in *Huggins* v. *The State*, 41 Ala. 393 : " There

[Hensly v. State.]

was evidence in the court below reasonably conducing to prove the venue. We do not understand the decision in *Frank* v. *The State* (39 Ala. 670) as going to the extent of holding that this court will pass upon the sufficiency of the evidence of venue, when no question was raised in the court below. That decision pertains to a case when it affirmatively appeared that there was no proof tending to show venue, and to such cases its authority and reasoning must be confined."

2. It is also insisted that the taking out afterwards of a license which relates back and covers the time within which the business was carried on without a license, and the acceptance by the licensing officer of the price of the license, operate to protect a party from punishment in such a case. Such a mode of condonation would probably tempt many a person to experiment in the chances of carrying on business without license, with a view to escape altogether the contribution he ought to make to the revenues of the State. In this cause there is no evidence whatever of such an intention. But the pardoning power in this State is not intrusted to revenue collectors.

3. It is contended, furthermore, that defendant is not the proper party to be prosecuted, but the corporation of which he was a stockholder and superintendent. There are a few cases in which indictments will lie against a corporation. But as such a body is "invisible, intangible, and exists only in contemplation of law," it is the natural persons in and by whom it lives, moves, and operates that the law generally holds responsible for its offences against the public.

This prosecution is under section 111 of the Revenue Act of 1868, and the penalty to be enforced is a fine, and may be confinement in the county jail. To the latter it would be difficult to subject the artificial being called a corporation, however much the case might justify the imprisonment of some-body.

The judgment of the court below is affirmed.