## VANNOY v. THE STATE.

LIQUOR LAW.—*Sale Made after Granting, but Before Issuing, License.*—A prosecution for selling intoxicating liquor without license was submitted to the court for trial, upon an agreed statement of facts, substantially as follows, viz.: That the defendant, by his authorized agent, had made the alleged sale; that, prior thereto, upon a sufficient application and due notice

thereof, the proper board of commissioners had granted him a license to sell intoxicating liquors, and he had filed, and procured the proper approval of, the bond required by law; that, without any intention to violate the law, he had neglected to pay his license fee and take out his license, until a time subsequent to the time such sale was made, but prior to the commencement of the prosecution; and that the sale was made within the period covered by the license.

*Held.* that, though the sale, when made, was unlawful, and one for which the defendant could then have been prosecuted, yet the payment of the license fee and issuing of the license shielded him from subsequent prosecution therefor.

From the Shelby Circuit Court.

*E. P. Ferris, A. Blair* and *W. W. Spencer*, for appellant.

*T. W. Woollen*, Attorney General, and *L. J. Hackney*, Prosecuting Attorney, for the State.

Howk, C. J.—On the 2d day of January, 1879, the appellant was indicted by the grand jury of the Shelby Circuit Court. The indictment charged, that the appellant, " John W. Vannoy, late of said county, on or about the 1st day of December, A. D. 1878, at said county and State aforesaid, not being then and there licensed according to the laws of the State of Indiana, at the time in force, to sell or barter spirituous, vinous, malt, or other intoxicating liquors in quantities less than one quart at a time, did then and there unlawfully sell and barter to one George W. Isley intoxicating liquor in a quantity less than one quart at a time, to wit, two gills, at and for the price of ten cents, contrary to the form of the statute," etc.

On arraignment, the appellant's plea to said indictment was, that he was not guilty. Afterward, at the March term, 1879, of the court below, the cause was tried by the court, without a jury, upon an agreed statement of facts, in writing; and thereon the court found, that the appellant was guilty as charged in the indictment, and assessed his punishment at a fine in the sum of twenty-five dollars, to which finding he at the time excepted. His written

motion for a new trial was overruled, and to this decision, he excepted, and filed his bill of exceptions, and judgment was rendered by the court on its finding. An appeal was taken to this court, and the appellant has here assigned, as error, the decision of the circuit court in overruling his motion for a new trial.

The question for our decision is this : Were the facts set out in the written agreement of the parties sufficient to sustain the finding and judgment of the court below ? Omitting merely formal matters, we give the facts set out in the agreed statement of facts, in substance, as follows : " That the defendant, by his duly authorized agent and employee, acting with the knowledge and consent of the defendant, did, on the 2d day of December, A. D. 1878, at the county of Shelby, and State of Indiana, sell to one George W. Isley certain intoxicating liquor, in a quantity less than one quart at a time, to wit, two gills of whiskey, at and for the price and sum of ten cents ; that, in making said sale, said defendant was not licensed, according to the laws of the State of Indiana, to sell or barter spirituous, vinous, malt or other intoxicating liquors, in quantities less than one quart at a time, other or further than in the manner, the circumstances, following : That said defendant had, according to law, published his notice of an intention to apply for a license at the June term, 1878, of the commissioners of Shelby county, Indiana, to sell intoxicating liquors in quantities less than one quart at a time, at the place where said sale above specified was made ; that, at said term, he did make such application in due form of law, and, at the time of the filing thereof, did file a good and sufficient bond, in the manner and form prescribed by law, which was then approved by the county auditor of Shelby county, Indiana ; that, in acting upon said application, said commissioners entered of record, upon the proper records of said county, an order, properly signed," to take effect June 11th, 1878, which or-

der was set out at length, in the agreed statement of facts, and showed, in substance, that, on the day last named, before said commissioners, then in session, the appellant filed his application for a license to sell intoxicating liquor, in a quantity less than a quart at a time, for one year, with the privilege of allowing the same to be drank on the premises where sold, and satisfied the board that due and legal notice of the filing of said application had been given as required by law, and that said appellant was a man of good character, and fit to be trusted with such license, and that it was then ordered by said board, that the appellant was entitled to such license, for one year, to sell intoxicating liquors in a quantity less than a quart at a time, with the privilege of allowing the same to be drank on the premises, particularly described in said order, in the city of Shelbyville, Shelby county, Indiana, and that the auditor of said county, upon the appellant's filing of a good and sufficient bond in the sum of two thousand dollars, and the receipt of the treasurer of said county for one hundred dollars, should issue such license to the appellant; " that, upon said order, so made by said commissioners, the said defendant afterward, to wit, on the 17th day of December, A. D. 1878, paid into the treasury of said county of Shelby the sum of one hundred dollars, as a license fee for the sale of spirituous, vinous, and malt liquors, in quantities less than one quart at a time, for which sum the treasurer executed to said defendant a receipt, which said defendant afterward, on said 17th day of December, 1878, presented to the auditor of said county and received a license," issued in pursuance of the said order of the board of commissioners of said county, of the date of June 11th, 1878, a copy of which license was set out in said agreed statement of facts, which said license authorized the appellant, by its terms, to sell intoxicating liquors in a quantity less than one quart at a time, etc., for the term of one year from the 11th day

of June, 1878, in accordance with the order, of that date, of the board of commissioners of said Shelby county; " and that John W. Vannoy, the defendant, had neglected to pay the money to the county treasurer, without any intention of violating the law, either in the sale aforesaid or the payment of the money, and that said indictment was found by the grand jury, and returned and filed in this court, on the 2d day of January, 1879, and not otherwise."

It will be seen from this agreed statement of facts, that, at the time the appellant was indicted in this case, he held a license duly and legally issued by the proper authority, which, by its express terms,. permitted him to make the precise sale, at the precise time charged in the indictment. It is true, that, at the time of such sale, he did not hold such license; but it appeared that he had been granted such license on the 11th day of June, 1878, for the term of one year thereafter, he having then, and before that time, strictly and literally complied with all the requirements of the statute in such case made and provided, *except* the payment of the necessary fee for such license. It further appeared that he had neglected to pay the license fee, and take and receive his license, until after he had made the sale upon which the indictment was afterward predicated, "without any intention of violating the law, either in the sale aforesaid or the payment of the money."

The question for decision, therefore, may be thus stated: Conceding that the sale, upon which the appellant was indicted, was made without license, and was, at the time, an unlawful sale, could he be indicted and punished for such sale *after* he had received a license, issued in conformity with law and by the proper officer, which, by its terms, covered the precise time at which the sale was made, and expressly authorized him to sell intoxicating liquors in a quantity less than one quart, at the precise time of such sale? In other words, did not the subsequent payment and receipt

of the license fee, and the subsequent issue to the appellant by competent authority, in conformity with law, of a license covering the time of the alleged offence, so far legalize the unlawful act, as to relieve him from the penalties prescribed by the statute in any prosecution for such offence, subsequent to the issue of such license? It seems very clear to us that the first of these questions must be answered in the negative, and that the last one must be answered in the affirmative. As we have seen, the appellant had strictly complied with the requirements of the statute, and the board of commissioners of his county having granted him a license, on the 11th day of June, 1878, for the term of one year, he had given bond to the State of Indiana, with freehold sureties approved by the county auditor, as required by law. There was nothing more for him to do, under the law, but to pay the county treasurer one hundred dollars, as a license fee, and get his license. He neglected to pay his license fee until the 17th day of December, 1878, more than six months after he was granted his license; and, in the meantime, to wit, on the 2d day of December, 1878, he made the sale upon which the indictment in this case was predicated. This sale, when made, was made by the appellant when he did not hold a license which authorized him to make such sale; and it was, therefore, at the time, an unlawful sale. If he had been prosecuted for this sale, before he obtained his license, he would have been liable perhaps, upon conviction, to the penalty imposed by the statute. But it seems to us, that, after he had paid his license fee and had obtained a license, in due course of law, which covered the day on which the sale was made, the sale which had been illegal, for the want of such license, was thereby legalized, and the offence was thereby pardoned, if the expression may be allowed, at least to the extent that he could not and ought not to be thereafter prosecuted or convicted therefor. The proper officers under

the law having received his money, and having thereupon issued him a license which in terms authorized him to make the sale for which he was afterward indicted, we are clearly of the opinion that these facts, which were agreed to by the parties, operated as a complete bar to this prosecution, and entitled the appellant to a finding in his favor. The court below erred, we think, in overruling the appellant's motion for a new trial.

The appellant has also assigned, as error, that the indictment did not state facts sufficient to constitute a public offence, or to show a violation of any law of this State, or to sustain the judgment of the court below. These objections to the sufficiency of the indictment are made for the first time in this court, and therefore they are not entitled to as much consideration by us as they would have been if they had been presented to, and decided by, the circuit court. As we have reached the conclusion, upon full consideration, that, upon the agreed statement of facts in this case, the State was not entitled, under the law, to a finding and judgment against the appellant, we deem it unnecessary for us to spend our time and labor in any lengthy examination of the appellant's objections to the sufficiency of the indictment. We merely remark, that it seems to us the indictment was sufficient to withstand even a motion to quash it, made at the proper time and in the proper court.

The judgment is reversed, and the cause is remanded, with instructions to find for the appellant, upon the agreed statement of facts, and to render judgment accordingly in his favor.

NIBLACK, J., dissents.