### E. M. CURRY v. THE STATE.

*No. 6751. Decided April 19.*

**Retailing Spirituous Liquors — Occupation Tax — License.** — An occupation taxed by law can not, under any circumstances, be legally pursued without the necessary license being first obtained; and a person is liable to prosecution and conviction who without the license pursues the occupation, unless after prosecution is instituted but before conviction he pays the tax and costs of prosecution and procures the license, thereby barring the prosecution. It was no defense that, although he was entitled to and applied for license, tendering payment of the tax levied, the accused was wrongfully or arbitrarily refused license by the collector of taxes. See this case in illustration.

APPEAL from the County Court of Dallas. Tried below before Hon. E. G. Bower, County Judge.

The opinion discloses the case. The penalty assessed by the verdict was a fine of $450.

*Kearby, McCoy & Hayter*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—In this case appellant was convicted for engaging in the occupation of selling spirituous liquors in quantities less than a quart without first having obtained a license therefor.

The prosecution was under article 110 of the Penal Code, which provides that "any person who shall pursue or follow any occupation, calling, or profession, or do any act taxed by law, without first obtaining a license therefor, shall be fined in any sum not less than the amount of the taxes so due and not more than double that sum."

The obtaining the license is an absolute prerequisite to the pursuit of the occupation. There can be no excuse nor justification in law where the occupation is pursued without first obtaining such license. He is liable to prosecution and to conviction who without the license pursues the occupation, unless after prosecution is instituted and before conviction he pays the tax and costs of prosecution and procures the license, and thereby bars the conviction. Penal Code, art. 112.

This is a companion case to that of Curry v. The State, just decided, *ante*, 475. The people of Lancaster precinct, Dallas County, had attempted, as we have seen, to adopt local option. The Commissioners Court had declared its adoption. Appellant sold spirituous liquors within the prohibited district after local option was declared adopted, and without having obtained a license to pursue such occupation. After local option had been declared adopted by the Commissioners Court he endeavored to procure a license from the collector of taxes to pursue the occupation of a retail liquor dealer in said district, and tendered to said collector the amount of taxes due on said occupation, but said collector refused to receive said taxes and refused him his license, because local option had been declared adopted and was in force in said district.

We have seen in the other case that local option had not been legally adopted and was not legally in operation in the district. This being the case, the general laws had never been suspended, but were in force, and the defendant could have legally pursued the occupation if he could have obtained a license to do so. He contends that it was no fault of his that he did not obtain his license, but the fault of the collector, and that having done all he could do to obtain said license, and having failed, he should not be punished for his failure. His position has some plausibility, but no real soundness. He could in no state of case pursue the occupation legally without license. An error of judgment or even a refusal to issue

the license on the part of the officer from mere wilful caprice, or arbitrarily, or without any reason whatsoever, could not justify or excuse him for violating the plain letter of the law which required the license as a prerequisite to the pursuit of the occupation, and denounced a penalty upon the pursuit without the license.

We have found no reversible error in the record, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.