STATE, RESPONDENT, *v.* RAYMOND, APPELLANT.

[Submitted March 9, 1892. Decided April 18, 1892.]

CRIMINAL LAW — *Gambling license—Evidence.* — In a criminal prosecution for keeping a room where faro is dealt and played without first obtaining a license therefor, testimony by a witness for the State that he had visited the place at least a dozen times during the period covered by the information, and almost always saw defendant either dealing faro or sitting about the place, which he

described as defendant's room, and that the defendant was running the game, coupled with the fact that the defendant afterwards took out a license for conducting the same business, is sufficient to prove that defendant kept the room in question.

SAME — *Same* — *Completed offense.* — The keeping of a room where faro is dealt without first, before actually engaging in such business, paying the license required by law in such cases, is a completed offense which is not condoned by an after payment and acceptance by the county treasurer of a license fee covering the period during which such room had been kept without a license.

LICENSES — *Collection for past period.* — Because one liable for the payment of a license fee does not pay at the time when the law requires him so to do, he is not thereby released from payment altogether, and it is within the authority of the county treasurer to collect and receipt for the fee due for such past period as well as for future period.

*Appeal from First Judicial District, Lewis and Clarke County.*

Information for keeping a room where faro was dealt and played, without first obtaining a license. Defendant was tried before HUNT, J. Affirmed.

*Rufus C. Garland,* for Appellant.

*Henri J. Haskell,* Attorney-General, for the State, Respondent.

DE WITT, J. — The defendant was informed against January 28, 1892, and was afterwards tried and convicted for the offense of keeping a room where faro was dealt and played, from the fifth day of January, 1892, to the fifteenth day of January, 1892, without first obtaining a license therefor. His motion for a new trial was denied. He appeals from the judgment of conviction. The statute provides, in section 10, page 75, 15th Extra Session Laws, 1887, as follows: "Any person . . . . who shall keep any house or saloon, room or club-room, where any banking game or game of chance is dealt or played for money, or anything representing money, or having money value, is used, bet, ventured, or hazarded, shall, before starting such business, pay a license of $100 per quarter, and, in addition thereto, such person or persons shall pay a license for each table . . . . on which the game commonly called 'faro' is dealt or played, $40 per month. . . . . Any person violating the provisions of this section shall, upon conviction, be fined," etc.

The defendant assigns error, in that his motion to instruct the jury to return a verdict of not guilty should have been granted, for the reason that the State did not prove that the

defendant kept the room in which the game was played. But one Brown, a witness for the State, testified that he visited the room where the said game of faro was dealt a dozen times between the fifth and fifteenth days of January, 1892; that he almost always saw defendant there, either dealing faro or sitting about the place. He says that defendant was running the game. He describes going to the room frequently between these dates, and described it as the defendant's room. Furthermore, as appears below, the treasurer testified that the defendant afterwards took out a license for conducting this very business. We are of opinion that the evidence was sufficient to prove that defendant kept the room.

Another ground upon which defendant urges that his motion to instruct the jury should have been granted, is as follows: The State introduced as a witness the deputy county treasurer. He testified that about noon of January 15th defendant called at his office, and that the stubs of his license book show the following entry:—

"No. 3999. License issued January 15, 1892, to George W. Raymond of Helena. Occupation, gambling house and faro game. Granted January 5, 1882. Expires February 5, 1892. Paid $73.33.        R. P. BARDEN,

"County Treasurer of Lewis and Clarke County."

The treasurer said that the books showed that the license was issued on January 15th, and this fact seemed to be conceded. Furthermore, it was admitted by the defendant, through his counsel, in open court that it should be a part of the testimony of the State in chief that it was the fact that defendant made no application for a license until the fifteenth day of January, 1892.

The offense is charged as having been committed between the fifth and fifteenth days of January, 1892. The license was issued on the 15th to cover a period from the 5th of January to the 5th of February. It is apparent from the record upon the license stub and from the evidence that the word "granted" was used to designate the period of time for which defendant paid the license. The defendant paid the same to the treasurer on the 15th. He did not apply for a license prior to that date. The license was issued on that day. It was to cover a period

a portion of which was before the 15th; in other words, the treasurer antedated the license in reference to the period which it was to cover. He collected for a past period as well as a future one. We have no doubt of the treasurer's authority to collect and receive payment for a past period. The amount of license fee is specified, and the time of the payment is specified, in the statute. Because one liable to pay does not pay at the time when the law requires him so to do, this does not release him from payment altogether. Then, if the defendant owed this amount for a license, the treasurer was authorized to receive it, and, if authorized to receive it, it certainly is also within his duty to receipt for it. So it is admitted that defendant made no application for the license, and consequently did not obtain or pay for it prior to January 15th.

So the ruling question in this case is whether the State, after having collected a license fee from defendant, which was due for his doing business from January 5th to January 15th, cannot prosecute him for the offense of doing that business without having first paid the license. When defendant kept the room where faro was dealt without having, before starting such business, paid a license, the offense was complete. Is the after-acceptance of the license fee by the treasurer a condonation of the offense, and an estoppel against the State? Upon this point the defendant relies upon several cases, one of which is *State* v. *White*, 23 Ark. 275. That case was one of selling liquor without a license. But the license fee had been actually paid, and the license granted by the county court before defendant sold the liquors; but the license had not been issued by the clerk. *Vannoy* v. *State*, 64 Ind. 447, was also a case as to a liquor license. The sale was made after the grant, but before the issuance of the license. The same is true in *State* v. *Wilcox*, 66 Ind. 557. Also in the South Carolina case, *City Council of Charleston* v. *Corleis*, 2 Bail. 186. In all these cases the grant of the license was prior to the business done under said license. But in the case at bar the license was not granted, issued, applied for, or paid for, until after the business was done for which the license was required. The above cases are not in point.

The main proposition in this case is whether the after pay-

ment by defendant of the license fee, and the treasurer's acceptance of the same, as above set forth, operate practically as a condonation of the offense. (*Elsberry* v. *State*, 52 Ala. 8.) We cannot consent to this doctrine, nor can we agree that, in the face of the very peremptory provisions of the law as to gambling licenses, persons may go on with that business, and pay no license, and totally disregard the law until they are detected, and their offense, both in act and intent, is complete and clear, and then obtain condonation by doing that which the law positively required them to do before they commenced their business. And, in addition to the requirements to take out a license before commencing business, the law requires that the license for this class of business shall be posted at the place of business. It would be very easy to point out the disasters and complications arising from such practice, as above suggested. (See *State* v. *Hughes*, 24 Mo. 147; *State* v. *Pate*, 67 Mo. 488; *Elsberry* v. *State*, 52 Ala. 8; *Bolduc* v. *Randall*, 107 Mass. 121; Bishop on Statutory Crimes, § 1001, and cases cited.) These views dispose of the appeal.

It is ordered that the judgment of the court below be affirmed, and that it be carried out as therein directed.

*Affirmed.*

BLAKE, C. J., and HARWOOD, J., concur.