## Village of Franklin v. John M. Stringam.

1. CITIES AND VILLAGES—*Dramshop Licenses.*—An ordinance provided that an applicant for a dramshop license should file with the clerk a bond, duly approved by the president, and should pay to the clerk the required sum in advance, whereupon the clerk should issue a certificate

of such payment, to be signed by the president, which being delivered to the applicant should give him a right to sell. The applicant having paid his money, had a receipt signed by the clerk, but the president declined to approve his bond or to sign his certificate. *It was held,* that he had no right to sell.

**Memorandum.**—Action for violation of an ordinance. In the County Court of Morgan County; the Hon. O. P. Thompson, Judge, presiding. Declaration in debt; plea of general issue, etc.; trial by the court without a jury; finding and judgment for defendant; appeal by plaintiff. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

C. A. Barnes and H. G. Whitlock, attorneys for appellant.

Oscar A. DeLeuw, attorney for appellee; F. D. McAvoy, of counsel.

Mr. Presiding Justice Wall delivered the Opinion of the Court.

The Village of Franklin brought an action of debt against John M. Stringam to recover certain penalties for having sold spirituous liquors in violation of the village ordinances.

A trial by the court, a jury being waived, resulted in a judgment for defendant from which the plaintiff prosecutes this appeal.

The sale of the liquor was admitted, and the only question was whether the village was estopped to deny that the sales were authorized.

The ordinance provided that an applicant for a license should file with the clerk a bond conditioned according to the laws of the State of Illinois, duly approved by the president of the board of trustees of the village, and should pay to the clerk the required sum in advance, whereupon the clerk should issue a certificate of such payment to be signed by said president, which being delivered to the applicant should give him the right to sell, etc.

It was necessary then, first, that the license money should be paid; second, that a proper bond should be approved by the president and duly filed, and third, that a certificate should be issued signed by the president.

All the defendant had here was a receipt signed by the clerk. The president had declined to accept a bond, and had declined to sign a certificate. There is some evidence to the effect that the applicant had, by the president, been referred to the clerk, but it is clear the president not only had not approved the bond but had positively refused to do so.

It appears that defendant had formerly held a certificate or license which had expired, and that he wished to renew, but as a recent popular vote had been against further license in the village, and perhaps for other reasons, the president was unwilling to grant it, and the defendant saw fit to rely upon a mere payment to the clerk, which was, of itself, manifestly insufficient.

The defendant was bound to take notice of the requirements of the ordinance and from the facts in proof it is apparent he knew the proceeding was irregular.

It is not like the cases relied upon in the brief of the appellee. The clerk was by ordinance authorized to receive the money, but not until a bond, approved by the president, had been filed with him, and he could not bind the village by accepting money when no bond was presented. The clerk appropriated the money to his own use, but this was immaterial. If it had been paid under proper circumstances the village could not have urged that as an objection.

The ordinance was not complied with, and the sales were illegal.

The judgment must be reversed and the cause remanded.