## WILLIAM DALTON v. STATE.

No. A-916. Opinion Filed November 22, 1911.

(118 Pac. 1001.)

1. **APPEAL AND ERROR — Sufficiency of Record — Presumptions.**
Where it is not shown by the record that the court appointed a time for pronouncing judgment, or that for this reason objection was made by defendant before judgment was rendered, it will be presumed that the judgment was pronounced at a time appointed by the court in conformity with the requirements of the statutes.

2. **TRIAL—Verdict of Guilty — Pronouncing Judgment.** Sections 6901 and 6902 (Snyder's Stat.), Procedure Criminal, prescribing that after a verdict of guilty is returned the court must appoint a time for pronouncing judgment at least two days after the verdict, if the court remains in session so long, are intended to guard the rights of defendant from a hasty judgment, and to give the defendant sufficient time to prepare and file a motion for a new trial, or in arrest of judgment.

(Syllabus by the Court.)

*Appeal from Superior Court, Logan County; J. M. Sandlin, Judge.*

William Dalton was convicted of violation of the prohibitory law, and appeals. Affirmed.

*John A. Remy,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error was convicted in the superior court of Logan county of the crime of having possession of intoxicating liquors, with the intention of violating the provisions of the prohibition law by selling the said liquors.

The jury impaneled to try the case, on May 16, 1910, returned a verdict, finding the defendant guilty. On May 17th, the defendant filed a motion for a new trial. On June 4th, the court overruled the motion for a new trial, rendered judgment, and sentenced the defendant to serve a term of six months in the county jail, and to pay a fine of $500. To reverse this judgment, an appeal was perfected.

It is contended by counsel for plaintiff in error that the judgment rendered and sentence so imposed were contrary to law, in that the court did not appoint a time for pronouncing judgment, as required by sections 6901 and 6902 of the Code of Criminal Procedure, which provide:

Sec. 6901, Snyder's Stat.:

"After a plea or verdict of guilty, or after a verdict against the defendant on a plea of a former conviction or acquittal, if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment."

Sec. 6902:

"The time appointed must be at least two days after the verdict, if the court intend to remain in session so long; or, if not, at as remote a time as can reasonably be allowed."

The record before us does not show that after the verdict against the defendant was returned the court appointed a time for pronouncing judgment; neither does it appear that, on the part of the defendant, objection for this or any other reason was made to pronouncing judgment and sentence. It appears, however, that the judgment was not rendered until 19 days after the verdict was returned, and the presumption must be that the court appointed this time for pronouncing the judgment. It would seem that the evident purpose of the foregoing provisions is to guard the rights of a convicted defendant from a hasty judgment against him, and to give such defendant sufficient time to prepare his motion for a new trial, or in arrest of judgment. Neither of these reasons are available to show prejudice in the case at bar.

We think the court was amply justified in assessing the maximum punishment in this case, and in so doing its action meets with our approval.

The appeal being wholly without merit, the judgment of the superior court of Logan county is hereby affirmed, and the cause remanded forthwith, with direction to enforce the judgment herein.

FURMAN, P. J., and ARMSTRONG, J., concur.