### STATE v. JOHN E. THOMASON.

No. A.-4027.    Opinion Filed March 10, 1923.

(212 Pac. 1026.)

(Syllabus.)

Intoxicating Liquors—Information Sufficient to Charge Attempt to Manufacture Whisky. Information examined, and held sufficient to charge the offense of an attempt to manufacture whisky.

Appeal from County Court, Payne County; Raymond H. Moore, Judge.

On the 5th day of July, 1921, the county attorney of Payne county, Okla., filed in the county court of said county, in a cause therein pending wherein the state of Oklahoma was plaintiff and John E. Thomason defendant, a second amended information in words and figures as follows:

"Comes now John F. Vaughan, county attorney of Payne county, state of Oklahoma, under and by virtue of the authority vested in him as county attorney, and gives this honorable court to know and be informed, in the name and by the authority of the state of Oklahoma, that at and in the county of Payne and state of Oklahoma, on the 3d day of March, 1921, one John E. Thomason, then and there being, did then and there willfully and unlawfully, at his home and premises, residence, and farm about eight miles northeast of the city of Stillwater, attempt to manufacture spirituous liquor, to wit, whisky, by a method of distillation and by the use of an apparatus commonly known as a still, and did then and there have in his possession a boiler with the lid soldered on, with two places in the top, one to pour in mash and a place to attach a worm; said boiler being so constructed that it was adapted for the use of boiling mash which was necessary in the manufacture of whisky, and said boiler was then and there a still, also a two-burner gasoline stove, adapted to the use of boiling, heating, and cooking mash, and did then and there manufacture and make about 40 gallons of mash, which said mash was then and there fermented and ready to be heated, cooked, boiled, and distilled, and used in said still for the manufacture of said whisky, and said John E. Thomason would have completed the manufacture of said whisky, had he not been prevented from doing so in

his attempt by the officers taking his still, stove and mash, all of which acts were then and there done by him, the said John E. Thomason, with the unlawful and wrongful intent to manufacture whisky, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Oklahoma.''

Said information was properly verified

On the 6th day of July, 1921, the defendant filed a demurrer to the aforesaid amended information, which demurrer is as follows:

"Comes now the defendant, John E. Thomason, and demurs to the second amended information filed in the above entitled cause by the county attorney of Payne county, Oklahoma, on the 5th day of July, 1921, for the following reasons and upon the following grounds, to wit:

"First. That said information is defective, and does not conform to the requirements of chapter 62 of the Revised Laws of 1910 and amendments thereof, of the state of Oklahoma.

"Second. That said information is so indefinite and uncertain that the defendant is not sufficiently informed of the offense with which he is attempted to be charged under said information to enable the defendant to prepare to meet the allegations of such information.

"Third. That said information is duplicitous, and charges more than one offense, or attempts to charge more than one offense, against the laws of the state of Oklahoma.

"Fourth. That the facts stated in such information do not constitute a public offense against the laws of the state of Oklahoma.

"Fifth. That said information does not charge an offense against the laws of the state of Oklahoma.

"Sixth. That said information fails to charge an overt act by the defendant, or any sufficient act to constitute an at-

tempt to commit any crime, and particularly the crime of manufacturing of whisky or distillation of whisky or any intoxicating, spirituous, vinous, or malt liquor.

"Seventh. That said information charges only an intent, and does not charge the defendant with any criminal offense against the state of Oklahoma."

On the 9th day of July, 1921, the trial court entered an order sustaining the demurrer to the amended information, which said order is as follows:

"Now, on this 6th day of July, 1921, the above cause came on for hearing upon the demurrer of the defendant to the second amended information filed herein, charging the defendant with the attempt to manufacture whisky, and the court, after being well advised, sustained said demurrer, on the ground that the facts alleged in said information do not constitute an attempt, but merely show a preparation to commit a crime, instead of an attempt, to which order of the court the county attorney then and there excepted, and reserved said question for review by the Criminal Court of Appeals of the state of Oklahoma, and gave notice in open court of his intention to appeal said cause, and asked that said notice be spread upon the trial docket of said court, and asked for an extension of time in which to make and serve a case-made. It was therefore by the court ordered, adjudged, and decreed that the state of Oklahoma be given 30 days in which to serve and make a case-made, 10 days to suggest amendments, to be settled and signed upon 5 days' notice, and the question of sufficiency of the information is hereby reserved for appeal."

Thereafter the county attorney served written notice of appeal on H. A. Jones, court clerk, also on the attorneys of record for the defendant, and also on the defendant himself.

The question of law reserved for decision by this court is the alleged error of the trial court in sustaining the demurrer of the defendant to the second amended information.

John F. Vaughan, Co. Atty., George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. (after stating the facts as above). This prosecution is based upon section 2297, Compiled Statutes 1921, which provides:

"Any person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt, as follows."

Then follows four subdivisions, providing the punishment for attempted crimes. The intention of the pleader in drawing the foregoing information was to charge an attempt to manufacture a certain intoxicating liquor, to wit, whisky. It is made an offense by both the Constitution and statute of this state to manufacture intoxicating liquor. Section 7002, Compiled Statute 1921; prohibition article (Const.) p. 276, Comp. Stats. 1921.

Courts take judicial notice that whisky is an intoxicating alcoholic beverage. Schlict v. State, 56 Ind. 173; Edgar v. State, 37 Ark. 219; Frese v. State, 23 Fla. 267, 2 South. 1; Fears v. State, 125 Ga. 740, 54 S. E. 661. Also that whisky is made by processes of fermentation and additional distillation. State v. Williamson, 21 Mo. 496; State v. Dengolensky, 82 Mo. 44.

An attempt to commit a crime consists of the following elements: First, the intent to commit the crime; second, the performance of some act towards its commission, commonly called the commission of some overt act; third, the failure to complete or consummate the crime.

It follows, therefore, that the intent to commit a crime, standing alone, does not constitute an attempt towards its

commission, and it further follows that an intent to commit a crime, coupled with the overt act, in order to be an attempt, must fail to consummate the crime. In other words, the intent and the overt act combined must fall short of the completed crime, in order to be an attempted crime. Where the intent and the overt act result in the consummation of the crime, there can be no prosecution under the attempt statute.

It is also well settled that the overt act must be something more than mere preparation or planning the crime. It must be something done, some step taken beyond preparation, that directly moves toward the crime and brings the accused nearer to its commission than mere acts of preparation or of planning. It must be such act or acts as will apparently result, in the usual and natural course of events, if not hindered by extraneous causes, in the commission of the crime itself.

Applying the general principles above stated to the information in this case, the following result is obtained: The information alleges that the defendant Thomason, with the unlawful and wrongful intent to manufacture whisky, did the following: Got possession of a boiler with the lid soldered on, with two places in the top, one suitable to pour mash into, and the other suitable to attach a worm to, and that he also got possession of a two-burner gasoline stove, adapted to the use of boiling, heating, and cooking mash. Standing alone, the foregoing allegations might amount only to preparation or planning the crime; but the information goes further, and alleges in substance and by necessary inference that the defendant, being in possession of the foregoing apparati and implements for manufacturing whisky, "did then and there manufacture and make about 40 gallons of mash, which said mash was then and there fermented and ready

,to be heated, cooked, boiled, and distilled, and used in said still for the manufacture of said whisky.'' The latter allegation, in our opinion, sets forth a step taken by the defendant beyond the preparation and planning of the crime. These allegations, considered together, show the unlawful intent of the accused to commit the crime and overt acts of his in direct execution of that intent. Now, it is only necessary to consider whether the information alleges matter which shows the failure of the accused to consummate the crime, and in this connection it is our opinion that the following allegation is sufficient for that purpose:

"And said John E. Thomason would have completed the manufacture of said whisky, had he not been prevented from doing so in his attempt by the officers taking his still, stove, and mash.''

Such allegation shows the extraneous cause intervening to prevent the completion of the crime itself. While the information is somewhat inartificially drawn, we think that these allegations are sufficient, and set forth the essential elements of the crime of attempting to manufacture whisky, and that the trial court was in error in holding that the overt acts alleged only showed preparation. For such reason it is the opinion of this court that the trial court erred in sustaining the defendant's demurrer to the information.

The trial court made no order authorizing or directing the county attorney to file an additional amended information charging the offense. For a discussion of the proposition as to the finality of the trial court's judgment sustaining the demurrer to the information, and the right of the state to further prosecute, in the absence of an express authorization or direction to that effect by the trial court,

see opinion in State v. Vaughan, 15 Okla. Cr. 187, 175 Pac. 731.

DOYLE and BESSEY, JJ., concur.