## WASHINGTON HARRISON v. STATE.

No. A-4215.   Opinion Filed Aug. 31, 1923.
(217 Pac. 893.)

(Syllabus.)

**Appeal and Error—Mere Fact that Transportation of Liquor was First Offense not Sufficient to Modify Sentence.** Where the proof shows conclusively that the accused was apprehended in the illegal transportation of 23 gallons of whisky, the mere fact that this was his first offense will not alone be sufficient cause for this court to modify the sentence.

Appeal from County Court, Muskogee County; Enloe V. Vernor, Judge.

Washington Harrison was convicted of illegal transportation of intoxicating liquor, and he appeals. Affirmed.

DeGraffenreid & DeGraffenreid, for plaintiff in error.

Geo. F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J.   Washington Harrison, plaintiff in error, was, by a verdict of a jury, found guilty of the illegal transportation of intoxicating liquor, and his punishment fixed at a fine of $500 and imprisonment in the county jail for a period of 180 days. From the judgment on the verdict he appeals.

From the briefs of plaintiff in error and of the state, and an examination of the record, it appears that no material error was committed at the trial, that the instructions of the court were fair to the defendant, and that in all other repects he had a fair and impartial trial.

Since it appears that this was the plaintiff in error's first offense of this character, his counsel ask that the judgment be modified and the penalty reduced. It is within the power of this court to make such modification, and, under

some circumstances, where among other things it appears that the offense charged was the first and only criminal accusation against the defendant, the court might be justified in modifying the punishment. But it was not the purpose of the statute to empower this court to exercise functions in the nature of pardons and paroles. The record shows conclusively that the defendant was apprehended in the illegal transportation of 23 gallons of whisky from one point to another in Muskogee county. This would indicate that he was engaged in this illegal business as a wholesaler rather than as a retailer, and though it may have been the defendant's first offense, this court does not feel justified, under the circumstances, in modifying the judgment of the trial court.

The judgment of the court below is affirmed.

MATSON, P. J., concurs.

DOYLE, J., absent and not participating.