ED NEIVAR v. STATE.

No. A-4365.    Opinion Filed Feb. 2, 1924.
(222 Pac. 279.)

(Syllabus.)

Intoxicating Liquors—Attempt to Unlawfully Manufacture—Sufficiency of Evidence. Record examined, and held: (a) That a prosecution will lie under section 2297, Compiled Statutes 1921, for the offense of attempting to manufacture intoxicating liquor; (b) that the information was sufficient to charge the offense of attempting to manufacture whisky; (c) that the evidence was sufficient to sustain the verdict and judgment.

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

Ed Neivar was convicted of an unlawful attempt to manufacture whisky, and he appeals. Affirmed.

Babcock & Trevathan, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

MATSON, P. J. This is a prosecution by information filed in the county court of Canadian county on the 19th day of November, 1921, charging the defendant, Ed Neivar jointly with one J. S. Wilson, with the crime of unlawfully attempting to manufacture intoxicating liquor, to wit, whisky, alleged to have been committed in said county on the 17th day of November, 1921.

The assignments of error attack the sufficiency of the information and the sufficiency of the evidence.

Under the first assignment of error it is contended that there is no such crime known to the laws of this state as an attempt to manufacture whisky, also that if such be a crime the information is insufficient as to allegations of fact to sustain the conviction for such a crime.

The case of State v. Thomason, 23 Okla. Cr. 104, 212 Pac. 1026, is authority to the effect that a prosecution will lie for an attempt to manufacture whisky under section 2297, Compiled Statutes 1921. The information in the instant case contains allegations to the same effect as the information in the Thomason Case, supra, which is held to be a good charge of attempting to manufacture intoxicating liquor. We hold, therefore, that the trial court did not err in overruling the motion in arrest of judgment on the ground of the insufficiency of the information.

The evidence in this case is somewhat voluminous. The court has read the entire transcript of the evidence. The conviction is based to a large extent on the testimony of the codefendant, J. S. Wilson, who may or may not have been

an accomplice. Proper instructions were submitted to the jury on the issue of accomplice testimony and the necessity of its having to be corroborated.

We deem is unnecessary to enter into a lengthy discussion of the circumstances tending to strongly corroborate the testimony of Wilson. The crowded condition of the court's docket precludes the writing of extended opinions in misdemeanor cases. The statute does not require the court to give a written opinion in misdemeanor cases. We deem it sufficient to say that after careful consideration of the evidence in this case we deem the circumstances amply sufficient to constitute a legal corroboration of the accomplice's testimony. The inferences deducible from such circumstances were for the jury, and the function of this court is limited to ascertaining whether there was basis in the evidence for a reasonable inference of guilt. State v. Brown, 114 Kan. 699, 220 Pac. 174; Whitten v. State, 25 Okla. Cr. 447, 221 Pac. 115.

The judgment is affirmed.

BESSEY and DOYLE, JJ., concur.