## JIM BARRETT v. STATE.

No. A-5982.   Opinion Filed Jan. 21, 1928.
(263 Pac. 166.)

Patton & Adwon, for plaintiff in error.

Edwin Dabney, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and W. P. Morrison, Co. Atty., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Canadian county on a charge of attempting to manufacture whisky, and was sentenced to serve a term of 30 days in the county jail and to pay a fine of $50.

The appeal is by transcript, the evidence not being brought up. This record discloses that defendant was tried and verdict returned February 21, 1923'. The verdict assessed the punishment at confinement in the county jail for a term of three months and a fine of $250. Motion for a new trial was filed on February 23, 1923, and no action or order in reference thereto shown. On September 1, 1925, a supplemental motion for a new trial was filed attempting to set up a plea of former jeopardy, in that defendant, subsequent to his trial in the county court, had been tried on a charge arising out of the same transaction in the federal court. This was overruled September 1, 1925, and judgment and sentence entered September 2, 1925.

Defendant argues first that an attempt to manufacture whisky as charged in the information is not a crime. This contention cannot be sustained. This court in the case of Neivar v. State, 26 Okla. Cr. 112, 222 P. 279, citing the earlier case of State v. Thomason, 23 Okla. Cr. 104, 212 P. 1026, held that a prosecution will lie under section 2297, Comp. St. 1921, for the offense of attempting to manufacture intoxicating liquors.

It is next contended that the court lost jurisdiction of the subject-matter by reason of the long delay in passing on the motion for a new trial. This court in the case of Collins v. State, 24 Okla. Cr. 117, 217 P. 896, where a similar contention was raised, said:

"In the absence of a statute to the contrary, judgment need not necessarily be pronounced at the same term of court at which the verdict or plea of guilty was had, and if the court's purpose in postponing judgment and sentence is incident to the administration of justice within its conceded powers, and its orders postponing judgment and sentence are unconditional and to definite periods, the jurisdiction of the court to pronounce judgment and sentence at a term after the trial term is not affected.

"While the court may delay pronouncing judgment for the purpose of hearing and determining motions for

new trial or in arrest of judgment, or for other proper causes, it cannot indefinitely suspend pronouncing judgment and sentence."

In that case, however, almost five years elapsed between the time the verdict was rendered and the sentence was imposed, and the record shows that the case was passed indefinitely. In the instant case the motion for a new trial was not disposed of, and a supplemental motion was filed on the day it was finally overruled and judgment and sentence entered. No order indefinitely passing or continuing the case for the rendering of judgment and sentence is shown. We will not presume error, but will presume that it was continued for a proper purpose in the administration of justice.

The judgment entered did not conform with the verdict of the jury. This court, in the case of Caudill v. State, 9 Okla. Cr. 66, 130 P. 812, held that the judgment of conviction and sentence must conform to the verdict where the verdict is in conformity with the law. Where there is a variance between the verdict of the jury and the sentence of the court, this court should remand the case with directions to the trial court to correct its judgment and to make it conform to the verdict. It is the order of this court that this case be remanded to the county court of Canadian county, and the judge of such court is ordered to render judgment and sentence as fixed by the verdict.

Case remanded to the county court, with directions to render judgment in conformity to the verdict.

DOYLE, P. J., and DAVENPORT, J., concur.