BROWNIE BAYNE v. STATE.

No. A-7831.  Opinion Filed May 23, 1931.
(299 Pac. 510.)

Walter Mathews, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Payne county of carrying a pistol, and was sentenced to pay a fine of $300 and to serve four months in the county jail.

The information is drawn under section 1998, Comp. Stat. 1921, which is:

"It shall be unlawful for any person in this state to carry or wear any deadly weapons or dangerous instrument whatsoever, openly or secretly, with the intent or for the avowed purpose of injuring his fellow man."

It charges, in substance, that defendant at a named date did carry a pistol with the intent and for the avowed purpose of his injuring his fellow man, naming him. The court did not specifically instruct the jury as to the included and lesser offense defined by section 1992, Comp. Stat. 1921, of carrying a pistol concealed on or about the person, which section reads:

"It shall be unlawful for any person in the state of Oklahoma to carry upon or about his person any pistol, revolver, bowie-knife, dirk-knife, loaded cane, billy, metal knuckles, or any other offensive or defensive weapon, except as in this article provided."

The verdict of the jury, omitting the formal parts, is:

"We, the jury, duly impaneled and sworn to well and truly try the issues in the above entitled case, do upon our oaths find the defendant, Brownie Bayne, guilty of carrying a pistol as charged in the information and fix and assess his punishment at a fine of $300.00 and imprisonment in the county jail for a period of 4 months."

The contention is made that the court should have instructed the jury on the lessers offense defined by section 1992, supra, the punishment for which is fixed by section 1996, Comp. Stat. 1921. The contention is further made that the verdict of the jury in fact finds defendant guilty of the lesser offense only, which they may do under the provisions of sections 2739 and 2740, Comp. Stat. 1921, which read:

"2739. Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty.

"2740. The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

The verdict is ambiguous; we are unable to say that the jury did find defendant guilty of the offense defined by section 1998, supra. The wording of the verdict indicates they find defendant guilty of carrying a pistol only, and we so construe it. The judgment will be modified to the carrying of a pistol on or about the person defined by section 1992, supra, and the punishment fixed at a fine of $50. Barrett v. State, 39 Okla. Cr. 50, 263 Pac. 166; White v. State, 42 Okla. Cr. 50, 275 Pac. 1067.

As modified, the case is affirmed.

CHAPPELL, J., concurs. DAVENPORT, P. J., absent, not participating.