CLYDE HARVEY v. STATE.

No. A-9889.    Oct. 29, 1941.

(118 P. 2d 669.)

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and June Bliss, Co. Atty., of Tahlequah, for the State.

W. W. Miller, of Tahlequah, for defendant.

BAREFOOT, P. J. Defendant, Clyde Harvey, was charged in the county court of Cherokee county with the crime of unlawful possession of intoxicating liquor, to wit: approximately 12½ pints of whisky and one pint of gin; was tried, convicted and sentenced to pay a fine of $100 and serve 60 days in the county jail, and has appealed.

For reversal of this case it is contended:

First. That the verdict of the jury is contrary to the evidence and is not sustained by sufficient evidence.

Second. That the court lost jurisdiction to pass sentence and was without authority to sentence after the ten-day period had expired subsequent to the date of the conviction under Okla. Stats. 1931, § 2632, O.S.A., Title 37, § 12.

Third. The punishment is excessive for a first time offender, if guilty.

The evidence in this case reveals that defendant was operating a place known as "The Country Club" near the city of Tahlequah on the 15th day of April, 1939; that it was a place of public resort and the public was invited

thereto; that the premises had a bar and a dance hall, and defendant and his wife lived there in a room adjoining the dance hall, with a curtain attached; that the place had the general reputation of being a place where intoxicating liquors were kept and sold in violation of law; that on the 15th day of April, 1939, the sheriff of Cherokee county procured a search warrant and with other officers searched the premises; that as a result of this search there were obtained 12½ pints of tax-paid whisky and one pint of gin. That it was found in a baby buggy in the bedroom of defendant. The evidence further revealed that defendant was present at the time of the search. That he was running the place of business, and that an Internal Revenue License, covering a period from April 1, 1939, to June 30, 1939, was located on the premises and was introduced in evidence. The defendant denied the possession of the liquor and stated that the Internal Revenue License had been taken out after the search to protect him from the federal authorities in the event he was found guilty of possession of the liquor. From the above statement it will be readily seen that the evidence, although contradictory, is sufficient to sustain the judgment and sentence.

It has been held by this court that, where the evidence and the reasonable and logical inferences and deductions to be drawn from it are sufficient to convince the jury beyond a reasonable doubt of the guilt of the defendant, the verdict of the jury will not be set aside on appeal. This is especially true where there is a conflict in the evidence. Adams v. State, 54 Okla. Cr. 363, 21 P.2d 1075; Pickett v. State, 35 Okla.Cr. 60, 248 P. 352; Underwood v. State, 36 Okla.Cr. 21, 251 P. 507.

The contention of the defendant that the court lost jurisdiction to pass sentence and was without authority to sentence after the ten-day period had expired subsequent

to the date of the conviction is based upon Oklahoma Statutes 1931, section 2632, O.S.A., Title 37, § 12, which is as follows:

"For the second and all subsequent convictions for the violation of any of the provisions of this act, the penalty shall be a fine of not less than fifty ($50.00) dollars, nor more than two thousand ($2,000.00) dollars, and by imprisonment of not less than thirty (30) days in the county jail, nor more than five (5) years in the State Penitentiary, and it shall be mandatory upon the trial judge in cases where anyone has been convicted under any provision of this act, to pronounce sentence within ten days from the date of conviction."

The general statute which provides for sentence after verdict of guilty is found in Oklahoma Statutes 1931, sections 3125, 3126 and 3136, O.S.A., Title 22, section 961, 962, and 972, which are as follows:

"After a plea or verdict of guilty, or after a verdict against the defendant on a plea of a former conviction or acquittal, if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment."

"The time appointed must be at least two days after the verdict, if the court intend to remain in session so long; or, if not, at as remote a time as can reasonably be allowed."

"If no sufficient cause be alleged or appear to the court why judgment should not be pronounced it must thereupon be rendered."

In the following cases, Dalton v. State, 6 Okla.Cr. 368, 118 P. 1001; Ex parte Sparks, 9 Okla.Cr. 665, 132 P. 1118; Barrett v. State, 39 Okla.Cr. 50, 263 P. 166; Willard v. State, 67 Okla.Cr. 192, 94, P.2d 13; Ex parte Coley, 67 Okla.Cr. 482, 94 P. 2d 968, this court has had under consideration a construction of these statutes. It has been held that they were enacted to guard the defendant from

a hasty judgment and to give the defendant sufficient time to file and prepare a motion for new trial or in arrest of judgment and time to properly present these motions. In the instant case the verdict of guilty was returned by the jury on the 12th day of February, 1940. A motion for new trial was filed February 13, 1940, and on the 4th day of March, 1940, the motion for new trial was overruled and defendant was sentenced in accordance with the verdict of the jury.

There was certainly no unnecessary delay in this action of the court. There being no record to the contrary, it will be presumed that the judgment and sentence was pronounced at a time appointed by the court and in conformity with the requirements of the statute. From the statement of the facts as above set forth it does not occur to us that the judgment and sentence in this case was excessive. Harrison v. State, 24 Okla.Cr. 282, 217 P. 893.

For the reasons above stated, the judgment and sentence of the county court of Cherokee county is affirmed.

JONES and DOYLE, JJ., concur.