## SAM LATTA v. STATE.

No. A-9890.  Oct. 29, 1941.

(118 P. 2d 671.)

Mac Q. Williamson, Atty. Gen., Jess L. Pullen and J. Walker Field, Asst. Atty. Gen., and June Bliss, Co. Atty., of Tahlequah, for the State.

W. W. Miller, of Tahlequah, for defendant.

BAREFOOT, P. J.  Defendant, Sam Latta, was charged in the county court of Cherokee county with the crime of selling beer without a license, was tried, convicted and sentenced to pay a fine of $100 and serve 30 days in the county jail, and has appealed.

It is contended by defendant that the evidence was insufficient to sustain the judgment and sentence, that certain remarks of the court during the trial were prejudicial to the defendant, and that the judgment and sentence under the facts was excessive. All of these may be considered together.

The facts were that defendant, Sam Latta, had during the year of 1938 been engaged in the cafe business at another location in Cherokee county, and during this period had a state and county license to sell beer at that location. On or about June 1, 1939, he purchased a cafe commonly known as "Sam's Cafe" located on North Muskogee avenue, in the city of Tahlequah. Prior to the purchase of this place of business he had taken out a state license to sell beer at his former place of business on the 3rd day of November, 1938. He had this state license transferred to the place of business which he had purchased on North Muskogee avenue in Tahlequah. On or about June 1, 1939, he made application to the county judge of Cherokee county for a license to sell beer, as provided by Oklahoma Session Laws of 1933, chapter 153, p. 343, §§ 12 and 14, O.S.A. Title 37, §§ 159 and 161, which are as follows:

(1) "It shall be unlawful for any person, or persons, firm, or corporation to maintain or operate any place where any beverage containing more than one-half of one per cent (1/2 of 1%) of alcohol measured by volume and not more than three and two-tenths (3.2) per cent measured by weight is sold for consumption on the premises without first securing a license issued by the county judge. The person applying for such license must make a showing once a year, and must satisfy the county judge that he is a person of good moral character, that he has never been convicted of violating any of the laws prohibiting the traffic in any spirituous, vinous, fermented or malt liquors, or any of the laws commonly called 'Prohibition

Laws,' or convicted of violating any of the gambling laws of the State of Oklahoma, or any other State or of the United States of America. A fee of five ($5.00) dollars per year shall be charged by the county judge for the issuance of such license. Upon application being filed the county judge shall give five (5) days' notice by posting such notice. One of said notices to be posted in the county court house and three in the city or township where said beverages are to be sold. Said notice shall contain the name of the applicant and the location of said place of business. Any citizen of said county may appear before the county judge in protest of the issuance of said license."

(2) "In addition to the penalties herein provided for violations of sections 2, 3, and 4, of this Act, each and every person who refuses to permit the examination of his books, records and files or who ignores or violates the provisions of this Act or the rules and regulations of the Oklahoma Tax Commission, made pursuant hereto, or who shall engage in the sale of said beverages at retail in violation of the provisions of this Act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than fifty ($50.00) dollars nor more than five hundred ($500.00) dollars and by imprisonment in the county jail for a period of not less than thirty days nor more than six months. * * *"

He paid the $5 required, but for some reason a hearing was not had on the application and no license was granted defendant thereon. He testified that the county judge was absent on his vacation and that this was the reason for the delay. He also testified that no protest was filed against the application. The county attorney contended that he filed an oral protest for the reason that defendant had been twice convicted of the violation of the prohibition laws of the state in the city court of Muskogee.

The defendant presented to the jury as his defense that he thought he had a right to sell beer pending the application, inasmuch as he had deposited the amount of

money required by the statute and there had been no written protest, and that he also had a state license. He contended that he acted in good faith and did not intentionally violate the law.

The evidence was uncontroverted that he sold beer on the date alleged in the information, to wit: July 28, 1939, and that he did not have a county license on that date, although he did have a state license.

From the above statement of facts it cannot be doubted that defendant had no right under the law to sell beer at his place of business on North Muskogee avenue in Tahlequah until he had received both a state and county license. This rule is well stated in 33 Corpus Juris 540, § 119, where it is said:

"Compliance with all the conditions necessary to obtain a license is not equivalent to the actual issue of a license. Although a person may have presented a proper and sufficient application, executed the required bond, and tendered the proper fee, he cannot legally begin selling until he has received the license."

Under this quotation there is cited the case of Territory v. Robertson, 19 Okla. 149, 92 P. 144, in which the Territorial Supreme Court upheld this doctrine and in which case are cited a number of decisions in support thereof, as follows: State v. White, 23 Ark. 275; Roberts v. State, 26 Fla. 360, 7 So. 861; Franklin v. Stringam, 56 Ill.App. 94; People v. Gault, 104 Mich. 575, 62 N.W. 724; Jordan v. Bespalec, 86 Minn. 441, 90 N.W. 1052; State v. Huntley, 29 Mo.App. 278; Shea v. Muncie, 148 Ind. 14, 46 N.E. 138; Curry v. State, 28 Tex.App. 477, 13 S.W. 773. Under this rule there can be no question of the violation of the law notwithstanding the fact of the good faith of the defendant, and for this reason we cannot do otherwise than uphold the judgment and sentence.

132

We have carefully examined the record and, without discussing the same, have come to the conclusion that the judgment and sentence should be modified to the minimum punishment provided by the statute of a $50 fine and 30 days in jail. There are some facts in the record which lead us to believe that defendant should have known that he had no right to engage in the sale of beer without first procuring the county license, as required by statute.

The proposition that defendant was sentenced ten days after the verdict was returned is passed upon adversely to this contention in the case of Clyde Harvey v. State, 73 Okla. Cr. 132, 118 P. 2d 669.

For the reasons above stated, the judgment and sentence of the county court of Cherokee county is modified from a judgment and sentence of $100 fine and 30 days in jail to a fine of $50 and 30 days in jail, and as so modified is affirmed.

JONES and DOYLE, JJ., concur.